170 P.2d 802

FISH v. FISH.

No. 7281.

Supreme Court of Idaho.

June 27, 1946.

Earle W. Morgan, of Lewiston, for appellant.

Verner R. Clements, of Lewiston, for respondent.

MILLER, Justice.

This is a proceeding to modify a decree of divorce so as to increase the maintenance therein allowed for a minor child. The record shows that appellant, then plaintiff, on April 3, 1941, was granted an absolute divorce from respondent, then defendant, on the grounds of cruelty. The decree also shows that the custody and control of William Fish, minor child of appellant and respondent, and about eleven years of age, was awarded to appellant. It was also provided therein that respondent was to pay appellant for her support and maintenance and for the support and maintenance of said minor child the sum of fifteen dollars per month, payable on the 10th day of March, 1941, and on the 10th day of each March thereafter, except that appellant, on the 25th day of June, 1944, or at any time thereafter, could apply for an additional amount for the support, maintenance and education of said minor child.

The decree also provided that respondent should pay appellant the sum of $2500 at the times and in the amounts set forth in a property settlement and agreement between the parties, and which provided that $750 was payable on signing said agreement; $500 on or before October 1, 1941; $500 on or before October 1, 1942; and $750 on or before October 1, 1943.

March 25, 1945, appellant filed her notice of motion and motion, copy of which was served on respondent February 22, 1945, and in which respondent was notified that appellant, on March 7, 1945, would move the court for an order requiring respondent to pay appellant for the support, maintenance and education of said minor child the sum of one hundred dollars per month, beginning with the month of June, 1944, and that respondent be required to pay all back payments and that he be ordered to pay such sum monthly thereafter, until the further order of the court. The motion is based upon the affidavit of appellant, the decree of divorce, a property settlement and agreement, which are filed therewith, and on the files and records in said action and upon the proofs to be adduced at the hearing on said motion.

The appellant's name now is Mary (Fish) Ellis. She testified under cross examination that she is receiving $42.50 per month from the Government on account of a minor child (about thirteen years of age), the issue of appellant and her first husband; $15 per month from the respondent for the support and maintenance of William Fish, a minor, and $50 per month from the Government as the wife of her present husband, Mr. Ellis.

The proof shows that the respondent has purchased some clothing for the said

minor, and has given him small sums of money from time to time, and has kept up the monthly premium payments of $9 on a policy for $1000 for the child's future education, and, furthermore, respondent is to pay any extraordinary medical expenses incurred on behalf of said minor child.

April 24, 1945, the proceeding came on for hearing; all parties were present in court and represented by counsel. At the conclusion of the testimony of Mrs. Fish-Ellis, no other testimony being adduced, the trial judge summarized the hearing in the following manner: "The defendant has a natural obligation to support this boy regardless of the situation that the mother of the child is remarried. There seems to be no complaint that he hasn't done what he was required to do. I see nothing before the court that she herself is destitute so that the condition is changed. She is receiving, according to her own statement, something like ninety dollars a month from the government on account of her present and former husband,—one of her former husbands. * * * I don't see that there is any reason in the world for changing the conditions. The only reason there could be for changing the order would be on the proposition of having the money put in the bank for the support of the child instead of being paid to the plaintiff. * * * Anyhow, this application or whatever it is is denied." Subsequently, of the same date, a minute order was made and entered as follows:

"Mary Fish v. Ray Fish, #8388. All parties in interest being present in court with their respective counsel, the Motion for Increased Payments came on regularly to be heard. Evidence was introduced, heard and considered, whereupon the motion is denied. * * * Miles S. Johnson, District Judge."

June 23, 1945, Notice of Appeal was served and filed. The appeal is from "that certain order made and entered on the minutes of the Court on the 24th day of April, 1945."

The appellant submits two assignments of error: First, "the Court erred in not allowing and permitting a full disclosure of the financial condition of the respective parties," and, second, "the Court erred in not ordering the respondent to pay appellant a greater amount for the support and maintenance of the child of the parties."

As we see the situation, there is only one question for determination, to-wit: Was there an abuse of judicial discretion by the trial court in denying appellant's motion to modify the decree by increasing the amount theretofore awarded for the support and maintenance of the minor child?

Counsel for appellant complains, in the first assignment of error, that appellant was not permitted to disclose the financial condition of the respective parties. At page 11 of appellant's brief it is said:

"The respondent had an income of $10,000 in the year 1941. The record does not disclose whether it was gross or net, by reason of the interjection of objections by respondent which were sustained by the Court."

We think the financial condition of appellant was gone into quite extensively, and without objection on the part of respondent. There was some attempt to show the financial condition of respondent, but counsel cannot complain because of the Court's ruling. Counsel, after questioning appellant about the number of acres of land and the kind of crops grown thereon by respondent, asked appellant:

"Q. What did it produce in the way of bushels per acre, the wheat land, while you were there? A. It averaged around forty bushels to the acre.

"Q. And state, if you know, what his income was the last year you lived with him? A. His income was around ten thousand dollars.

"Q. Was that gross or net? Was that before or after the expenses were taken out?

"Mr. Clements: What year was that?

"Q. What year was this? A. 1940.

"Mr. Clements: We object to that as immaterial.

"Mr. Morgan: All right.

"The Court: The objection is sustained, I don't see what that has to do with this.

"Q. All right. Now, Mrs. Ellis, where do you live? A. I live at 608-12th Street in Clarkston."

The statement in the brief, "1941," does not conform to the period of time, "1940," about which appellant was questioned. She was questioned about conditions while she was living with respondent, and before the divorce proceedings were instituted. In sustaining the objection on the ground of immateriality, the court's ruling was correct. There is no merit in Assignment Number I.

Reverting to Assignment Number II, to the effect that the court should have ordered that respondent pay to appellant a greater amount for the support and maintenance of appellant and minor child, there seems to be no proof of a material and permanent change in the conditions and circumstances of the parties since the rendition and entry of the decree. The trial court evidently had in mind that there was an absence of any proof showing a material and permanent change when he observed, "I don't see that there is any reason in the world for changing the conditions," that is, the conditions as contained in the decree and fixing the payments to be made by respondent.

In the case of Smiley v. Smiley, 46 Idaho 588, 269 P. 589, it is said:

"In determining the amount of permanent alimony to be awarded no fixed rule may be applied. The amount is largely in the discretion of the trial court, and

it is only where there is a manifest abuse of discretion that its award will be interfered with on appeal. 19 C.J. 264."

In the case of Donaldson v. Donaldson, 31 Idaho 180, 170 P. 94, 96, it is said:

"The appellant assigns as error the action of the court in awarding the custody of George M. Donaldson, one of the minor children, to the respondent, and in awarding her $40 per month for his support until he shall have obtained his majority. The question as to the disposition of children and allowance of alimony in divorce actions is in the first instance committed to the discretion of the trial court."

In the case of Simpson v. Simpson, 51 Idaho 99, 4 P.2d 345, 346, it is said:

"Appellant contends that no substantial or permanent change in the conditions or circumstances of the parties was shown justifying modification of the decree. The power to modify such a decree is given by the provisions of the Idaho Compiled Statutes §§ 4643 (31-705, I.C.A.) and 4644 (31-706, I.C.A.) and by the decree itself.

"*However, the rule is well established that the authority to modify such a decree can only be exercised upon a showing of material, permanent, and substantial change in the circumstances and conditions of the parties.* Humbird v. Humbird, 42 Idaho 29, 243 P. 827; Chaffee v. Chaffee, 63 Utah 261, 225 P. 76; Schouler on Divorce (6th Ed.) vol. 2 § 1831; 19 C.J. 273; 1 R.C.L. 948. And the burden of showing such changed circumstances is upon the party seeking the modification. (Emphasis ours.)

"'The rule that the party who is seeking affirmative relief has the burden of proof is one which necessarily underlies all our procedure.' Jaycox v. Varnum, 39 Idaho 78, 92, 226 P. 285, 289." See, also, Ashton v. Ashton, 59 Idaho 408, 83 P.2d 991.

Furthermore, in applying the rule announced in Simpson v. Simpson, supra, and Ashton v. Ashton, supra, it is well established that the authority to modify such a decree can only be exercised upon a showing of material, permanent and substantial change in the circumstances and conditions of the parties, and that the burden of showing such changed circumstances and conditions rests upon the party seeking the modification. The application in the instant case states:

"Comes now Mary Fish Ellis, the plaintiff above named, and makes application to the Court, and moves that the Court require the defendant to pay to the plaintiff for the support, maintenance, care and education of said minor child of plaintiff and defendant, the sum of one hundred dollars per month, beginning with the month of June, 1944, and that the defendant be required at this time to pay all back payments, and that he be ordered to pay such sum monthly hereafter until the further order of the Court."

It will be observed that the said application is devoid of any reference to a

material, permanent and substantial change in circumstances and conditions of the parties since the date of the original decree and award of the minor child involved. In actions for divorce (31-705, I.C.A.) the direction for the care, custody and education of the children of the marriage remains in the court and it may at any time modify any order relative to the care and custody of such a child, whenever it appears for the best interests and welfare of such child. In construing said statute this court has, however, repeatedly held that the disposition of the care and custody of the children, in the first instance, is committed to the discretion of the trial court and unless such discretion is abused the judgment will not be disturbed. It is likewise well settled in this jurisdiction that the welfare and best interest of a minor child is of "paramount consideration." See Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000, and cases therein cited. However, the court having made an order awarding the care, custody and control of a minor child, and a modification thereof is subsequently sought, there must be something before the court to invoke its judicial authority in the exercise of its judgment and discretion, in order to justify or warrant a modification of the award and a direction and order that the care and custody of such child be placed in another. If a consideration of such matter is properly before the court, then it would have authority to make an independent investigation in order to obtain the best evidence and information touching the interest and welfare of the child. If the application stated a change of material, permanent and substantial circumstances and conditions, even though there is an absence of proof in that respect, we would feel disposed to remand the proceeding for further proof, but since it would necessitate an amendment of the application, we think it best to sustain the trial court.

It is a comparatively easy matter to reinstitute the proceeding under proper application if advisable. The proceeding should have been disposed of at its inception, by motion to strike or other procedure calling the insufficiency of the application to the attention of the court for proper action. The order denying the application and motion to modify the decree is approved. No costs allowed.

BUDGE, GIVENS, and HOLDEN, JJ., concur.

AILSHIE, C. J., did not sit at the hearing nor participate in the opinion.