**206 P.2d 523**

## HENDRICKS v. HENDRICKS.

### No. 7515.

Supreme Court of Idaho.

May 18, 1949.

C. M. Jeffery, of Pocatello, for respondent.

P. A. McDermott, of Pocatello, for appellant.

TAYLOR, Justice.

In August, 1947, appellant and respondent, then wife and husband, separated. They had been living at the home of the

wife's parents at McCammon, Idaho. The husband went to San Francisco to associate himself with a certified public accountant in order to enable him to qualify for certification. The wife and two children remained at the home of her parents in Mc-Cammon. In November, 1947, the appellant went to Rapid City, S. D., to visit her sister, taking the children with her. She remained there until February, 1948. Early in February she wrote respondent from Rapid City to the effect that she had met another man whom she preferred and that she wanted a divorce. Under date of February 16, she again wrote him as follows:

"Dear Payne.

"I'm writing again to let you know what my plans are.

"I visited a lawyer today & found that I would have to go back to Idaho to get my divorce if I wanted it before a years time. I can get one there in only a few weeks. It's like in Nevada. He also said they would grant the children to me because they are so young. This won't change the plan for you to take Nancy, though. I couldn't be that cruel to you * * *."

"I've written Phynis to see what her plans are and to ask her if she'll care for Nancy for you. I wouldn't want to trust anyone else with her. Find a place for them & as soon as she calls for Nancy she can take her to you. There's another thing—if your mother has anything to do with her or tried to interfere in any way I want her back immediately.

"I'm leaving tomorrow for Idaho so you may get the papers within a week or so to sign & that's about all there will be to it. I don't think I've ever been unfair in any way in our marriage and I'm so sorry nothing worked out the way we had planned. I do hope you can find some happiness yet. I think I will—I have every chance to except for giving Nancy up. But I will get a little joy out of that if I know you will be happy."

The Nancy referred to is Nancy Lee Hendricks, the older of the two children. At the time of the hearing in the trial court she was four years of age.

In response to appellant's letters, respondent wrote at least two letters to her in which he advised her that he would not appear and contest her suit for divorce, provided he were given custody of Nancy. These letters were not produced at the trial. Appellant testified that she burned them.

Appellant returned to Idaho, after writing the letter of February 16th, and filed her suit for divorce in Bannock County, on February 20th. Summons was served on respondent in San Francisco on February 25th. While the divorce suit was pending appellant wrote respondent among other things as follows: "All isn't lost for you, Payne. You'll have Nancy & Phynis soon and I will no longer be a burden to you. Nancy will give you more pleasure

than you can ever imagine. She is so sweet and more intelligent than the average child her age. Success in your work is very important now for you and Nancy's welfare so please dont let yourself worry about the outcome of things—You know I will never be unfair."

The respondent did not appear, and decree of divorce was entered against him on March 17, 1948, in which the custody of both children was awarded to the wife. Appellant returned to Rapid City and married the man mentioned in her letters about a week later.

Respondent was not furnished a copy of the decree, and did not know that custody of both children had been awarded to appellant until about the first of April when he went to Rapid City to take custody of Nancy. Upon his arrival there the appellant, then married, told him she had changed her mind and would not let him take Nancy. He says he then told her that if she did not let him have the child, in keeping with her agreement, he would go to Pocatello and move to vacate the decree. She denies this and says she told him she would let him take the child temporarily if he would agree to its adoption by her then husband. Be that as it may, after considering the matter overnight, and consulting an attorney, she let respondent take the child. Respondent then took Nancy to San Francisco and placed her in the immediate care of his sister, Phynis Donahue, with whom he then lived. A move to Phoenix, Arizona, was determined upon because of the sister's health, and the child and sister went to the home of respondent's parents at Lava Hot Springs to stay until he could locate a job and living quarters in Phoenix. While at Lava the child was demanded by appellant, but the sister spirited her away to Phoenix. There Nancy was living with her father and aunt, when, on or about the 17th of August, 1948, appellant came by the home and picked her up and carried her away.

On September 9th respondent filed a petition in the original divorce action asking the court to modify its decree and award the custody of the child, Nancy Lee, to him, on the grounds that appellant had fraudulently induced him to forego his right to defend and claim the custody of the child, in the divorce proceedings, and that it is for the best interests of the child that custody be awarded to him. After a hearing, the court on November 18, 1948, entered its order modifying the decree by awarding custody to respondent. By stipulation between counsel findings of fact and conclusions of law were waived. However, the order recites as findings of the court:

"That the plaintiff had fraudulently represented and promised the defendant that the decree would provide that the custody of the minor child, Nancy Lee Hendricks, would be awarded to the defendant; which representation was made before the action was filed and during the pendency of the action, and was relied upon by the defend-

ant who permitted a default to be taken, and that the plaintiff failed to keep said promise and did not advise either her counsel or the court of said promise and that a decree was entered without the court being advised of said promise, that the said minor child be awarded to the custody of the plaintiff.

"The court further finds that the defendant is a fit and proper person to have the custody of said minor child, and that his financial condition is sufficient to properly care for said child, and that it is for the best interests of said minor child that she be awarded to the custody of the defendant until further order of the court."

This appeal is from the order. The finding of fraud is assigned as error on the ground that the evidence is insufficient to sustain it. It is apparent that the letters written by appelleant were well calculated to lead respondent to believe that, although her attorney had told her "they would grant the children to me because they are so young," she would nevertheless voluntarily consent to the award of the custody of Nancy Lee to him. She told him he would have Nancy and that she was "giving Nancy up." Although she burned his letters, it appears from her testimony that she knew he would appear and defend if she did not agree to his having custody of Nancy.

██ Such an agreement between the parties will not control the decision of the court. Keyes v. Keyes, 51 Idaho 670, 9 P.2d 804; 27 C.J.S., Divorce, § 311, page 1177. However, it will be respected if in harmony with the welfare of the child. And it is a fact which should have been made known to the court, to be by it considered along with the other facts, in determining the custody of the child. Appellant complains that the evidence does not show a change of conditions or circumstances of the parties since the date of the decree such as would justify a modification under the rule stated in Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323. Where changed conditions or circumstances of the parties is the ground upon which modification is sought, that rule has particular application. However, it is subject to limitations. I.C. 32-705; Smith v. Smith, 67 Idaho 349, 180 P.2d 853; Kelly v. Kelly, 75 Cal.App.2d 408, 171 P.2d 95; McKee v. McKee, 76 Cal.App.2d 728, 174 P.2d 18; Bernstein v. Bernstein, 80 Cal.App.2d 921, 183 P.2d 43. But a modification as to custody may be justified where material facts, although existing at the time of the rendition of the decree, were not presented to or considered by the court if such facts indicate that the welfare of the child will be served by the modification. 27 C.J.S., Divorce, § 317, page 1189; Jackson v. Jackson, Okl., 193 P.2d 561. This rule is especially applicable where the decree was obtained by default (only one side of the issue being presented to the court in such cases) and where the defendant was induced to suffer the default by fraud on the part of the plaintiff.

Appellant also contends that the decree cannot be impeached in part where the fraud claimed affects the whole judgment, citing Le Baron v. Le Baron, 23 Ariz. 560, 205 P. 910. That was an independent action to set aside a divorce decree "so far only as such decree affected the property rights of the parties and awarded the custody of the children to him," upon the ground that the defendant fraudulently induced the plaintiff, wife, to refrain from defending. The rule in that case is not applicable here because the fraud here alleged does not affect the validity of the divorce itself. This is a petition, by the injured party, for relief from only that part of the decree which never becomes final, that awarding the custody of the children. I.C. 32-705; Smith v. Smith, supra. "The modification of a divorce decree awarding custody of children is a definite and separate proceeding after judgment and has no effect upon the portion of the decree dealing with the issue of divorce." Cooney v. Cooney, 25 Cal.2d 202, 153 P.2d 334, 336.

Appellant further contends that the court abused its discretion in changing the custody of this four year old girl from the mother to the father. "It is the established rule of this court, and other courts as well, that, all other considerations being equal, a child of tender age or a girl of even more mature years can and will be reared, trained and cared for best by its mother." Krieger v. Krieger, 59 Idaho 301, 81 P.2d 1081, 1083; Sauvageau v. Sauvageau, 59 Idaho 190, 81 P.2d 731.

The disposition of care and custody of minor children of divorced parties in the first instance is committed to the trial court's discretion and, unless such discretion is abused, the judgment will not be disturbed. I.C. 32-705; Fish v. Fish, 67 Idaho 78, 170 P.2d 802; Smith v. Smith, supra; Maudlin v. Maudlin, supra; Kirkpatrick v. Kirkpatrick, 52 Idaho 27, 10 P.2d 1057; Olson v. Olson, 47 Idaho 374, 276 P. 34; Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000.

Awarding custody of a child of tender years to its father, rather than to its mother, on evidence that the father is better fitted to care for and educate it does not necessarily constitute an abuse of discretion. Maudlin v. Maudlin, supra; Olson v. Olson, supra.

No contention is made in this case that either parent is unfit. Both are attached to the child. The father offers a comfortable home in Phoenix, Arizona, with himself and a widowed sister to care for the child, and an income of about $8,000 per year. The mother offers a comfortable home on an army base at Rapid City. Her husband is a staff sergeant in the army, and necessarily subjected to being transferred from place to place. His income is about $300 per month. The trial judge heard the parties testify and observed them on the witness stand. He was also required to consider the agreement made by them

in their correspondence. We find no abuse of discretion.

Appellant urges that the trial court should have refused to hear the petition, since both parties had established domiciles outside the state, citing Hatch v. Hatch, 192 A. 241, 243, 15 N.J. Misc. 461, where it is held: "The outstanding and controlling circumstance in the case at bar is that both parents and the child have removed from this state and have all become domiciled and resident in the state of New York. That state is now primarily concerned with the domestic relations of the parties. There are no special circumstances shown which indicate that the domestic relations of these parties can be dealt with more effectively by this court than by the courts of New York. Practical considerations, as well as principles of propriety and comity, require that this court keep hands off."

In the case at bar the parties and child have not all become domiciled in any other one state. One has taken up a temporary residence in South Dakota. The other a permanent residence in Arizona. The appellant chose Idaho as the jurisdiction for the divorce proceedings, and made no objection to the same court taking jurisdiction of the issues presented by the petition to modify its decree. No abuse of discretion or propriety appears here.

Lastly, appellant assigns as error the action of the trial court in allowing her only $100 for her attorney's fee on appeal. While it has been held that this court will review on appeal an order of the District Court allowing or disallowing alimony, suit money or attorney fees, Enders v. Enders, 34 Idaho 381, 201 P. 714, 18 A.L.R. 1492, we do not think the showing in this case is sufficient to require an order of this court increasing the allowance to appellant for attorney fees. Vollmer v. Vollmer, 43 Idaho 395, 253 P. 622; Cole v. Cole, 68 Idaho 257, 193 P.2d 395.

The order appealed from is affirmed. No costs allowed.

HOLDEN, C. J., and GIVENS, PORTER and KEETON, JJ., concur.