224 P.2d 1078

**BOGOVICH v. CAPITOL SILVER–LEAD MINING CO.**

No. 7686.

Supreme Court of Idaho.

Dec. 1, 1950.

**2**

Whitla & Knudson, Coeur d'Alene, for appellant.

Chas. E. Horning, Wallace, and Robert E. Brown, Kellogg, for respondent.

GIVENS, Chief Justice.

Appellant sued respondent for $3,906.72 claimed unpaid salary as General Manager from May 1, 1946 to June 8, 1948, $400.00 for being discharged June 8, 1948, without being paid, evidently under Section 45-606, I.C., and $500.00 attorney's fees under Section 45-605, I.C. The minutes of April 15, 1946, attached to and made a part of the complaint, as material, were as follows:

"* * * Matt Bogovich brought to the attention of the meeting that during the year 1945 he had devoted considerable time to managing the affairs of the company and that since January 1, 1946, his duties as General Manager of the company had required his entire time. He further stated that he had never received any salary for his past services and that he would be willing to accept $900.00 payable in capital stock at par value as full compensation for his services to and including April 30, 1946. Thereupon H. M. Huemann moved that Matt Bogovich be paid 18,000 shares of capital stock at par value in payment in full for his services to April 30, 1946 and that effective May 1, 1946 he be paid $400.00 per month salary as General Manager of the company. This motion was duly seconded and unanimously carried. * * *."

Defendant admitted the original hiring and service of demand for payment, but asserted the payment of $400.00 was conditioned upon the sale of stock by appellant; that he had sold no stock and, furthermore, he had voluntarily accepted a reduction of his salary as general manager from $400.00 to $125.00 per month as watchman, on and after the first day of April, 1947, concededly thus paid.

Appellant was the sole witness in his own behalf, except the cross-examination under the statute, of the Company's secretary-treasurer. During the cross-examination of appellant, defendant's Exhibit 3, Minutes of the Meeting of January 3, 1946, was introduced in evidence.

At the conclusion of appellant's case, respondent's motion for nonsuit was granted

and the appeal herein is from the resultant judgment of dismissal.

It is axiomatic that upon motion for nonsuit or directed verdict, the evidence must be construed in the light most favorable to the plaintiff. Dept. of Finance v. Union Pac. R. Co., 61 Idaho 484 at page 492, 104 P.2d 1110.

All reasonable inferences are to be resolved in favor of plaintiff. Hopkins v. Hemsley, 53 Idaho 120 at page 124, 22 P. 2d 138; Branson v. Northern Pacific Ry. Co., 55 Idaho 220 at page 226, 41 P.2d 629; Dept. of Finance v. Union Pac. R. Co., supra.

Respondent's contention that the $400.00 salary was conditioned upon the sale of stock by appellant and that he had sold no stock is largely bottomed on defendant's Exhibit 3, the Minutes of January 3, 1946, which at the most merely raised a conflict as to the terms of the contract of hiring shown in the subsequent minutes of April 15, 1946. Respondent's brief thus states:

"In support of the motion for non suit it was *argued*, as it must appear from the transcript that it would have been argued, that—(emphasis ours)

"First: That when at the directors' meeting held on April 15, 1946, Mr. Bogovich's salary was fixed at $400.00 per month it was so fixed with the understanding and upon the condition, prescribed by Mr. Bogovich himself at the directors' meeting on January 3, 1946, that Mr. Bogovich should have the option to take his salary either in stock at par or in cash, and that if he should elect to take his salary in cash 'he would not, and would have no right to, ask that his account be paid until such time as the corporation should have in its treasury ample funds for that purpose over and above its other needs.' "

Complete answers to this argument as sustaining the nonsuit are; first, as stated, it is only argument; second, the minutes of April make no reference whatever to the sale of stock by appellant. He was to receive 18,000 shares of stock for services to April 30, 1946, and then it was stated unequivocally—" * * * that effective May 1, 1946 he be paid $400.00 per month salary as General Manager of the company. This motion was duly seconded and unanimously carried."

The minute entry upon which respondent relies was of a meeting prior to this. No minute entry was introduced in evidence of any meeting following the April meeting, modifying or abrogating the above minute entry until in June 1948, when appellant was discharged.

In passing upon the motion for nonsuit, the learned trial court was not sitting as a trier of facts and it is not whether reasonable inferences might be drawn from the evidence in favor of defendant; the question is whether the evidence would justify reasonable inferences sufficient to make a prima facie case in favor of plaintiff.

4

There was extensive cross-examination by respondent with regard to defendant's Exhibit 5, the Minutes of the Directors' Meeting of June 8, 1948, but it was never admitted in evidence; consequently, the examination relative thereto is incapable of accurate analysis or application. These minutes were produced by respondent, not appellant, and the only thing definitely appearing in connection therewith is that at the meeting, appellant was discharged. Though appellant was present at the meeting and participated as a stockholder and officer of the Company, absent the introduction of Exhibit 5 into the record, it is impossible to determine what he then acquiesced in as to back salary.

■ There appear in the record unequivocal statements by appellant to the effect he was employed as general manager at the rate of $400.00 per month; that respondent's own minute entry was to that effect; and that he continued in some capacity at least until June 8, 1948, and while the cross-examination may have tended to weaken his testimony, it cannot be said no reasonable inference could be drawn sustaining appellant's claim. It was, therefore, error to grant the nonsuit.

The judgment is reversed and cause remanded for trial and submission to a jury. Costs to appellant.

PORTER, TAYLOR and KEETON, JJ., and SUTTON, District Judge, concur.