299 P.2d 91

Edwin L. ROGICH, Plaintiff-Appellant,

v.

Theodora Eloise ROGICH, Defendant-Respondent.

No. 8323.

Supreme Court of Idaho.

June 28, 1956.

Hardy C. Lyons, Sandpoint, Lloyd A. Eyrich, Newport, Wash., for respondent.

J. Ward Arney and Pat W. Arney, Coeur d'Alene, Edmund T. Brigham, Newport, Wash., for appellant.

SMITH, Justice.

March 31, 1944, appellant was awarded a divorce from respondent and the custody of their minor child, Stephanie, also known as Stephanie Ann. July 1, 1954, respondent petitioned for modification of the divorce decree, seeking custody of the child. The trial court, upon hearing had, modified

the decree and awarded custody of the child to respondent by decree of modification entered February 25, 1955. Appellant perfected an appeal therefrom.

Appellant assigns error of the trial court in decreeing a modification of the divorce decree, thereby awarding custody of the minor child to respondent and challenges certain of the court's findings and conclusions upon which the modification is based. Essentially, appellant has preserved for review the question whether respondent proved change in condition sufficient to justify the modification.

Appellant was awarded the divorce on grounds of extreme cruelty. The trial court found that respondent frequently abandoned appellant and their child and failed to make a home for them; also, that appellant was able, competent and best qualified to care for the child, and have her custody to the end that she be properly reared and educated.

The child at the time of the divorce, then two years old, was and for a time prior had been living with her paternal grandparents at Metaline Falls, Washington. She continued to make her home there, at appellant's instance, until about June 23, 1954, when she met her mother at Newport, Washington, and commenced living with her and her then husband, at Oldtown, Idaho. The child at that time was a few months past thirteen years of age.

During April, 1944, appellant entered the armed forces of the United States and served therein approximately three years, a good deal of that time overseas. He was able to and did return home and visit his daughter at Metaline Falls five times on leaves of absences during that period.

Following his discharge from the armed forces, in February, 1947, he was employed by an airline company in Iceland for three years. During that time he spent two leaves of absence, each of 30 days duration, with his parents and his daughter at Metaline Falls. He corresponded frequently with his parents and daughter by letters to the whole family. He caused his pay checks to be deposited in a bank near Metaline Falls and arranged for his mother to draw checks on the account "as she saw fit for Stephanie."

November 1, 1947, while in Iceland, appellant remarried. He now has a child and a stepchild by that marriage.

Early in 1950 appellant returned to the United States and to Metaline Falls where he lived for a time; also, Stephanie was with him during a summer at Missoula, Montana. He engaged in different employments but mainly in heavy construction work in various places. He did not take his daughter with him to the different

places of employment since she had commenced her schooling and music lessons; and in regard to Stephanie continuing to stay with her paternal grandparents, appellant stated: "They took care of her when I had no means of taking care of her. She had everything a child could want, good home, has a piano, clarinet, has been a leading girl in that community, has been at only one school until the past few months, and she has excelled * * *."

June 23, 1954, while returning home to Metaline Falls from Spokane, at the direction of her paternal grandmother, Stephanie stopped at Newport, Washington, where she saw respondent, her mother, who took the child a short distance to Oldtown, Idaho. Respondent refused to heed the demand of the grandparents for the return of the child, but commenced the modification proceeding, July 1, 1954.

Shortly after March 31, 1944, when the parties were divorced, i.e., April 18, 1944, respondent married one Adams. They were divorced in 1952, and were remarried in December, 1953, during which interval they "associated" together. Respondent's present husband early acquired Washington justice court and state reformatory records, and in recent years, justice court and police court records.

Respondent, since her divorce from appellant, acquired justice court and police court records involving the use of intoxicants. During practically all the time since respondent was divorced from appellant, respondent and her present husband have operated taverns. At the time of the modification trial they operated a tavern at Oldtown, Idaho, in a vicinity devoted largely to tavern business, with its accompanying use of intoxicating beverages. Adams operated such tavern under an arrangement with his brother, with uncertain income. Respondent and her husband lived in an apartment above the tavern, which was the home they had to offer Stephanie. They ran the tavern during the hours of about mid-morning until 1:00 o'clock a. m., or later the following morning. On school days respondent's husband would arise about 8:00 a. m. to see Stephanie off to school; respondent would arise about 11:00 a. m. Respondent permitted Stephanie to smoke cigarettes. The child practiced her music lessons on a piano in the tavern and was permitted in the tavern on other occasions.

Appellant is regularly employed. He earned $6,900 in 1953 and averaged $600 to $650 a month at the time of the modification trial. He is able and eager to provide a good home for Stephanie either with his parents at Metaline Falls, or with his own family at Henderson, Nevada, in an atmosphere of proper environment, including good schools, and churches. Appellant's reputation over the years as being a

law abiding citizen, financially responsible, and a "solid family man" was shown to be good. He bears love and affection for Stephanie and she does for him.

The paternal grandparents provided a proper home for the child at Metaline Falls where they are regarded as good, substantial citizens. Both the paternal grandparents submitted themselves to the jurisdiction of the court and expressed eagerness to accept custody of the child.

Stephanie testified that she wanted to live with her mother. She appears to have been disappointed in not having been permitted to go with her father to Nevada, about the time that she went to her mother in Oldtown.

We have set forth the facts briefly in order to show the conditions and circumstances under which Stephanie lived, under the legal custody of appellant, as compared to those which respondent has subjected, and which she has to offer, the child; and to show that appellant is interested in his daughter, corresponded with her frequently and has her best interests and welfare at heart. The evidence does not support adverse findings of the court in that regard.

Though appellant's employment, including his services in the armed forces, took him to far away places, nevertheless he came home for visits with his daughter and parents when able to do so, on leaves of absence; also, commencing in 1950 and thereafter the child was with him during visitations of both short and long durations. Further, for the several years shown, appellant established a good home for Stephanie, with proper surroundings, environment and educational advantages, and with adequate finances always available for the child's maintenance and education; and although that home was with the child's paternal grandparents, nevertheless they were and are devoted to the child, and as interested in her best interests and welfare as is appellant.

There is little that can be said in favor of the environs of the tavern and its accompanying use of intoxicants by its customers and by respondent, in which environment the child has been placed while with respondent and in which she will continue, should her custody be awarded to respondent.

We are not unmindful of the rule that the matter of awarding the custody of a child rests in the sound discretion of the trial court in the first instance, as well as upon modification of an existent decree, and that a decree awarding custody will be upheld in the absence of an abuse of discretion. An abuse of that discretion occurs however when the evidence is insufficient to support a finding that the interests and welfare of the child will be

best served by changing the custody. Olson v. Olson, 47 Idaho 374, 276 P. 34; Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323. The welfare and best interests of a minor child is the paramount consideration by which the court must be guided in determining which of the parties should have the custody. Krieger v. Krieger, 59 Idaho 301, 81 P.2d 1081; Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000; Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243; Peterson v. Peterson, 77 Idaho 89, 288 P.2d 645; Empey v. Empey, 78 Idaho 25, 296 P.2d 1028. If the child's father is better fitted than the mother to care for and educate the child, the custody will be awarded to the father. Olson v. Olson, supra; Maudlin v. Maudlin, supra; Hendricks v. Hendricks, 69 Idaho 341, 206 P. 2d 523, 9 A.L.R.2d 617.

■ A divorce decree granting custody of a minor child to one of the parties may not be modified unless there has been a material, permanent and substantial change in conditions and circumstances subsequent to entry of the original decree which would indicate to the court's satisfaction that modification would be for the best interests of the child. Simpson v. Simpson, 51 Idaho 99, 4 P.2d 345; Ashton v. Ashton, 59 Idaho 408, 83 P.2d 991; Fish v. Fish, 67 Idaho 78, 170 P.2d 802; Maudlin v. Maudlin, supra; Gish v. Gish, 72 Idaho 465, 244 P.2d 143; Wilson v. Wilson, 73 Idaho 326, 252 P.2d 197; Peterson v. Peterson, supra. The burden of showing such changed condition rests upon the party seeking the modification. Simpson v. Simpson, supra; Maudlin v. Maudlin, supra; Fish v. Fish, supra; Leverich v. Leverich, 175 Or. 174, 152 P.2d 303.

■ Respondent asserts that the right of a fourteen year old child to choose his custodian parent is substantial and should not be denied except for compelling reasons. Such statement is dictum taken from Ludlow v. Ludlow, 89 Cal.App.2d 610, 201 P.2d 579, and appears in the discussion therein relative to the right of a minor of fourteen years to nominate his guardian who, if approved by the court, must be appointed. Cal.Probate Code, § 1406. (Compare I.C. § 15–1802). In that case the court recognized that the preference of a child of fourteen years of one parent over the other as to custody, while worthy of consideration, is not of controlling force, when the good of the child will be best served by a custodian not so preferred. Such rule is also recognized in Hurner v. Hurner, 179 Or. 349, 170 P.2d 720; Johnston v. Johnston, 155 Or. 256, 63 P.2d 209, and Frates v. Frates, 135 Wash. 567, 238 P. 573 cited by respondent. The rule is aptly stated in Warnecke v. Warnecke, 28 Wash.2d 259, 182 P.2d 699, 700, as follows:

162

"In cases of this kind, the welfare of the minor children is the sole matter with which the court is concerned. Their custody is of supreme importance, regardless of the claims and personal desires of the parents. Even the wishes of children in such cases must yield to the determination of what is for their ultimate good."

■ We conclude that the decree of modification of the trial court should be reversed; and since appellant now has a home situate in good surroundings and environment, and possesses adequate financial means and facilities for the care, maintenance and education of his daughter and desires the continuance of her custody, the order providing for such continued custody should provide that appellant now assume her actual physical custody.

The decree of modification of the trial court is reversed and the cause is remanded with directions to enter its order continuing the custody of the child, Stephanie Ann Rogich, in appellant, her father, he to assume her actual physical custody, subject to the right of her mother, respondent, to visit the child at reasonable times and for reasonable periods of time. Costs to appellant.

TAYLOR, C. J., KEETON and ANDERSON, JJ., and BAKER, District Judge, concur.