372 P.2d 403

Blaine L. McMURTREY, Plaintiff-Appellant,

v.

Mona Lane McMURTREY, Defendant-Respondent.

No. 9074.

Supreme Court of Idaho.

June 12, 1962.

Albaugh, Bloem, Smith & Pike, Idaho Falls, for appellant.

Jack G. Voshell, Idaho Falls, for respondent.

TAYLOR, Justice.

The parties were divorced by decree August 12, 1960. The decree was entered against defendant (respondent) by default, and upon stipulation signed by the parties and their counsel. By the terms of the stipulation defendant consented to the entry of default, waived findings and conclusions and agreed that the custody of the minor child, a boy—three years of age at the time of the hearing on issue of custody—be awarded to the plaintiff (appellant) with right of visitation to the defendant. The community property was divided as set out in the stipulation. The plaintiff received a 1957 Chevrolet automobile; the furniture and furnishings; and

the equity of the parties in the home in Idaho Falls, upon which a cash payment of $1600 had been made upon the purchase of the property in March, 1960. The defendant was awarded a 1953 Ford sedan, all silverware, iron and ironing board, bathroom scales and approximately one-half of the dishes.

August 25, 1960, the defendant filed a motion to vacate the divorce judgment upon the ground of fraud and misrepresentation on the part of plaintiff. In her supporting affidavit she alleged that at the time of the marriage the plaintiff extracted from her a promise that if there should be born any children of the marriage and if there should be a divorce, defendant would give the custody and control of such children to the plaintiff and would never make demands upon him for child support; that subsequent to the marriage he repeatedly required her to renew the promise and threatened her with divorce and accusations of infidelity if she refused; that defendant made the requested promise, believing there would be no divorce and desiring to assure the plaintiff; that subsequent to the divorce plaintiff had on two occasions refused to permit the defendant to visit with the child and on one occasion struck her and verbally abused her. The motion was heard and denied September 2, 1960.

Trouble continued between the parties on occasions when defendant returned the boy to the plaintiff's home after short weekend visits. Defendant testified that on three of such occasions plaintiff, in the presence of the child, resorted to physical violence against her; that on the evening of New Years Day, 1961, when she returned the child, plaintiff beat her, in the presence of the child, and that she thought the child had been hurt in the scuffle; that when she did get away she called her attorney and on his advice filed a charge of assault and battery against plaintiff. Plaintiff was arrested and plead guilty to the charge the next day. Defendant's forehead was swollen, one eye blackened, and other bruises sustained. The police judge testified that when defendant appeared and signed the complaint on the evening of January 1st, "She looked like she had been worked over."

Plaintiff contended the altercation on January 1st arose out of the fact that defendant did not return the child's cough medicine and ear drops. Defendant contended it arose, as on previous occasions, out of plaintiff's insistence upon talking over the divorce.

January 13, 1961, defendant filed a motion for an order modifying the decree, by changing the custody of the child from plaintiff to defendant; for $125 per month child support; and a reasonable sum for her attorney's fee. This motion was heard May 25, 1961, and order was entered May

31, 1961, transferring the custody of the child from plaintiff to defendant; requiring plaintiff to pay $60 per month for the support of the child; and fixing the visitation rights of the plaintiff. No attorney's fee was allowed.

After noting at the close of the hearing that the violence testified to had occurred in the presence of the child, the court in its order found:

"That there has been a substantial, material and permanent change in circumstances and conditions of the parties, and which change relates to the welfare of the minor child of the parties in that defendant, since entry of the Decree herein, shows marked improvement in her attitude in regard to her responsibility as a mother; that she is more stable and can now take the child into more secure and permanent surroundings by taking such child with her into the suitable and desirable home of the maternal grandparents; that if placed in the care and custody of the mother, it will no longer require moving the child frequently to and from the home of a baby sitter, and that the physical and mental health of a child of such tender years will be thus best protected."

During the time the child had been in plaintiff's custody it had been cared for by a neighborhood couple, friends of the plaintiff, during the hours while plaintiff was at work. The plaintiff delivered the child to his friends' house in the morning and called for him when he returned from work in the evening.

■ There was evidence produced from the witnesses at the hearing, including the testimony of Dr. Fife, a physician and pediatrician, that the child had become emotionally upset during the past year. The doctor testified that, in his opinion, the condition was contributed to by the child's environment. Amplifying her reason for stipulating as to custody, defendant testified that plaintiff had been previously married and divorced and had "lost" both the children of his first marriage; that he had told her "he didn't want to go through that again;" and "he seemed to need the reassurance that he wouldn't lose the child." Both parties produced evidence of facts occurring prior to the divorce, as well as subsequent thereto. The court properly admitted and considered such evidence, since the decree as to custody had been entered without a trial of that issue. Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810, 32 A.L.R.2d 996; Hendricks v. Hendricks, 69 Idaho 341, 346, 206 P.2d 523, 9 A.L.R.2d 617.

■■ Plaintiff contends that the finding of "marked improvement" in the attitude of defendant in regard to her responsibility as a mother, is not supported by the

evidence, and is not such a material, permanent change in conditions as would warrant modification of the decree; and that the finding that the physical and mental health of the child will be best protected by placing it in the home of the maternal grandparents, is not supported by the evidence. The trial judge observed the demeanor of the defendant as a witness at the hearing of her motion to vacate the decree in September, 1960, and at the hearing of her motion to modify the decree on the 25th of May, 1961. This, together with other items of evidence, afforded the court a basis on which to find an improvement in her attitude. The court further found that she was more stable and that she was now in a position to take the child into a more secure, permanent, suitable and desirable home with her parents. A change of circumstances, in the light of which a change in custody will promote the welfare of the child, is sufficient to warrant such change. Further, we have many times said that other things being equal, the mother is to be preferred as the custodian of a child of tender years. Emerson v. Quinn, 79 Idaho 358, 317 P.2d 344; Wilson v. Wilson, 77 Idaho 325, 291 P.2d 1113; Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243; Krieger v. Krieger, 59 Idaho 301, 81 P.2d 1081.

The plaintiff also questions the sufficiency of the evidence to support the order for payment of $60 per month for the support of the child. However, he does not argue this assignment in his brief. The evidence that he earns in excess of $400.00 per month is sufficient to support the order, especially in view of the fact that the amount of such payment is subject to revision by the court as circumstances may require.

Defendant filed in this court a motion for the allowance of costs and counsel fees incurred on this appeal. In her supporting affidavit she states that her present gross earnings are $240.00 per month; the amount of take-home is not shown. She accounts for all of her income, including $540.00 paid to her by the plaintiff in monthly installments for the support of the child, from the date of the order changing custody. The accounting includes the payment of $125.00 to her attorney for his services in the district court. She alleges she has been unable to pay her attorney anything for the prosecution of this appeal, or the costs incident thereto. Plaintiff's counter-affidavit shows his gross earnings of $464.00, and take-home pay of $341.00 per month. He alleges an obligation of $1250.00 which he is repaying at $72.00 per month and that "practically all of said debt has been incurred by your affiant to defray the expenses of the litigation between respondent and appellant;" that he has been unable to pay his

**320**

attorney for his services in this appeal, and now owes his attorney $350.00 therefor.

█ The order appealed from is affirmed with costs to respondent, and the district court is directed to include in the judgment for costs an allowance of $350.-00 to be paid by plaintiff to defendant for her counsel's fee on this appeal.

SMITH, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.