383 P.2d 617

**Charlotte M. STEWART, Plaintiff-Respondent,**

v.

**Clayton J. STEWART, Defendant-Appellant.**

No. 9201.

Supreme Court of Idaho.

July 11, 1963.

Bruce O. Robinson, Frank F. Kibler, Nampa, for appellant.

C. Robert Yost, Caldwell, for respondent.

TAYLOR, Justice.

The parties were divorced by decree dated April 1, 1960. There were two children; a daughter, Deeon Jane, and a son, Darell Clayton. At the time of the divorce the daughter was fourteen, and the son eight, years of age. Both parties were represented by counsel and on March 16, 1960, entered into a written agreement effecting a settlement of property rights, division of community property, and for the custody and support of the children. The agreement provided that the plaintiff (respondent) should have the custody of Darell Clayton, and that defendant (appellant) should have the custody of Deeon Jane, with right of visitation in each case reserved to the non-custodial parent. It was further agreed that the defendant should pay to the plaintiff, for the support of the boy, the sum of $50 per month, while he was in her custody.

Plaintiff filed complaint for divorce March 1, 1960. Divorce was sought on the

ground of extreme cruelty, alleged as follows:

"That for some time last past defendant has openly and notoriously kept company with other women and has admitted such to plaintiff.

"That during the past five months when plaintiff tries to discuss defendant's infidelity with him he becomes mean and abusive and the conditions became so intolerable that plaintiff was forced to leave home on February 27, 1960 and she has remained separated from defendant since said date.

"That for several months defendant has been drinking to excess and wasting money."

Defendant suffered default, and default hearing on plaintiff's complaint was had March 25, 1960. At the close of plaintiff's evidence the trial judge announced he would continue the hearing to a later date to obtain "more proof as to the fitness of the father." Thereupon, defendant's counsel, who was present, identified himself and advised the court that he thought he and his client should appear at the later hearing. The judge then said:

"I would like to talk to the father. I would like to hear his testimony. I am not quite satisfied. I am going to continue this until next week."

What occurred at the subsequent hearing does not appear in the present record. The decree awarded the custody of the two children in accord with the written agreement of the parties.

Plaintiff remarried July 29, 1960, and defendant remarried July 26, 1961.

July 28, 1961, defendant filed his petition seeking a modification of the divorce decree by changing the custody of the boy from plaintiff to defendant, on the ground of "material change of circumstances." The changed conditions and circumstances were alleged to be: that plaintiff had remarried; that the person whom she had married had a minor son by a previous marriage to whom Darell Clayton Stewart had great difficulty in adjusting, and had not made adequate adjustment; that on occasion of visits by the boy to the home of the defendant, the defendant had "extreme difficulty in returning the boy to the plaintiff herein in that said minor son has refused each time to return to the plaintiff's home" without any influence on defendant's part, and that such "emotional disruptions will do permanent irreparable damage to the said minor child." Defendant thereafter kept the boy at his home and refused to return him to the custody of plaintiff, in defiance of the terms of the decree.

December 15, 1961, a preliminary hearing was had at which the court talked to counsel and the boy in chambers. There-

after, it was stipulated that the child remain in the custody of the defendant until March 22, 1962, at which time hearing was had upon the petition. After hearing both parties and their witnesses, the court found that there had been no material, permanent or substantial change in the circumstances and conditions of the parties adversely affecting the welfare of the child, Darell Clayton Stewart, since the entry of the decree; that the defendant had wilfully and deliberately flouted the order of the court awarding the custody, care and control of the boy to his mother; that defendant was endeavoring to alienate the affections of the boy from his mother; that the plaintiff is a fit and proper person to have the custody, and to continue to have the care, custody and control of the minor child, Darell Clayton; and that defendant had deliberately and wilfully alienated the affections of the minor daughter from her mother.

Defendant brought this appeal from the order denying his petition for modification of the decree.

The following are defendant's assignments of error:

"The Trial Court erred in refusing to give the Appellant the opportunity to bring before the Court testimony and information regarding the conditions, circumstances and real causes of the divorce between the parties and limiting

all testimony to facts and circumstances which had occurred subsequent to the divorce decree being entered on April 1, 1960, when it was apparent from the record that this divorce decree had been taken by default and that there had been no trial on the issue of the merits in the custody of the minor children.

"The Trial Court erred in refusing to talk with the minor child of the parties, Deeon Jane Stewart, in his Chambers and out of the presence of the Appellant and Respondent.

"The Trial Court erred in refusing to interrogate the minor child of the parties, Darell Clayton Stewart, in Chambers."

 Judgments affecting the custody, support and education of children, like other judgments, are conclusive upon the parties and privies, and the doctrine of res judicata is applicable thereto. 27B C.J.S. Divorce § 317(8)b; 17A Am.Jur., Divorce & Separation, § 838; Annotation 9 A.L.R. 2d 623, et seq.

However, the foregoing general rule is not to be applied strictly in all determinations affecting the welfare of children of divorced parents. The jurisdiction of the court continues after divorce for the protection of the welfare of such children. I.C. § 32-705. Where facts, affecting their welfare, existing at the time of the divorce·

**114**

or order awarding custody, are not called to the attention of the court, and particularly in default cases where the issues affecting custody have not been fully tried, the court upon a proper application may consider all facts and circumstances, including those existing prior to and at the time of the judgment or decree, in making a subsequent determination of custody. McMurtrey v. McMurtrey, 84 Idaho 314, 372 P.2d 403; Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810, 32 A.L.R.2d 996; Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, 9 A.L.R.2d 617.

The trial court in this case did not restrict or limit the evidence offered by the defendant, to facts or circumstances occurring subsequent to the divorce. Both parties testified to occurrences preceding, as well as subsequent to, the divorce.

■ It is within the discretion of the trial judge as to whether he will personally examine minor children, involved in custody proceedings, out of the presence of their contending parents. Tobler v. Tobler, 78 Idaho 218, 299 P.2d 490; Krieger v. Krieger, 59 Idaho 301, 81 P.2d 1081; 27B C.J.S. Divorce § 309(3).

■ At the time of this custody hearing the daughter, Deeon Jane, was sixteen years of age. She had testified at length as a witness for the defendant, and exhibited her want of affection for her mother. At the close of the hearing defendant's counsel suggested to the judge that he interview her privately. The judge properly ruled that she was old enough to testify and offered to permit defendant's counsel to put her back on the witness stand to be further examined if there were any pertinent facts within her knowledge which she had not disclosed.

■ The boy Darell, was ten years of age. The judge had already talked to him in the presence of both counsel, but without the presence of the parents, at the preliminary hearing in December. Despite defendant's denials, the evidence on both sides supports the court's finding that defendant had endeavored to alienate the affections of the boy from his mother. There was no error in the court's refusal to interview the boy privately in chambers. 27B C.J.S. Divorce § 309(3).

■ What we said in Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810, 32 A.L.R.2d 996, is applicable here:

"The acts and conduct of the custodial parent, resulting in the alienation of the love and affection which children naturally have for the other parent, is a vital and very serious detriment to the welfare of such children and is grounds for modification of the decree with respect to such custody." 73 Idaho at 128, 245 P.2d at p. 814.

"Modification of a decree awarding custody of minor children to a parent who is a fit and proper person to have such custody is proper where it appears that the custodial parent has contrived to prevent the other parent from seeing and visiting such children in the manner and spirit provided for in the decree, and has shaken their love and affection for the other parent. Swenson v. Swenson, 101 Cal.App. 440, 281 P. 674." 73 Idaho at 129, 245 P.2d at p. 814.

The evidence was conflicting regarding the care of the boy and his happiness in the respective homes of the parties. The only change of circumstances and conditions was the remarriage of both parties and both had suitable homes in which to exercise custody. Such change was for the better, and particularly were the circumstances of the plaintiff improved, compared with what they were at the time of the divorce, and at the time defendant agreed in writing that she should have custody of the boy.

Defendant by his petition raised no issue concerning plaintiff's fitness for custody and no evidence was produced which would support a finding of unfitness on her part.

The order appealed from is affirmed.

Costs to respondent.

KNUDSON, C. J., and McQUADE, McFADDEN and SMITH, JJ., concur.