391 P.2d 340

**John L. STRATTON, Plaintiff-Respondent,**

**v.**

**Mary C. STRATTON, Defendant-Appellant.**

**No. 9300.**

Supreme Court of Idaho.

April 6, 1964.

120

---

Vernon K. Smith and Orvil D. Atkinson, Boise, for appellant.

Smith & Miller, Caldwell, for respondent.

McFADDEN, Justice.

This appeal is from an order of the District Court dismissing appellant's application for modification of divorce decree to change the custody of the minor children of the parties. Appellant, Mary C. Stratton, prior to a decree of divorce entered August 5, 1960, in the District Court of Ada County, was married to respondent John L. Stratton. Born as issue of their marriage were five children, who, at the time of the hearing for modification, were of the following ages: Dale, 22 years; Judy Ann, 18 years; Carol Sue, 14 years; Nancy, 12 years and Johnny, 11 years. While Dale is no longer a minor, by reason of infirmities, both parties have considered him as being a minor.

Respondent in the default divorce action instituted by him was granted a divorce from appellant, and awarded the sole care and control of the minor children, subject to the right of appellant to visit the children at all reasonable times and places. Almost two years after entry of the decree appellant petitioned for its modification of the custody provision of the default decree. In her affidavit for modification she alleged a substantial change in circumstances and conditions, and also contended that she had never been served with summons and a copy of the complaint. She also alleged:

"Although I expected that the plaintiff would file an action for divorce, I, likewise, expected that I would be notified when and if the action was filed so that I could appear in reference to the custody of the children. I received no knowledge, advice or information concerning the fact that the action for divorce had been filed until I read the Idaho Statesman that a divorce had been granted on the 5th day of August, 1960.

"I further say that, since the entry of the decree, the plaintiff himself had stated to me that he had knowledge of my actual whereabouts at the time that he filed the action for divorce.

"I, therefore, say that my failure to appear and resist the action for divorce, in so far as the custody of the children is concerned, was the result of my not knowing that the action was pending and as a result of the deliberate act on the part of the plaintiff to cause the letter containing the notice of the pendency of the action to be mailed to me at # 8, Spruce Street, Boise, Idaho, whereas in truth and in fact he knew that I did not reside there, but actually knew that my whereabouts was in Great Falls, Montana."

In an affidavit filed in response to appellant's affidavit, respondent denies all such allegations, and stated affirmatively that there had been no change in conditions since entry of the decree "which had or will have an adverse effect upon the children."

At the hearing before the court, appellant testified that she left Boise prior to the divorce action being filed, and that she had never been served with summons. She does not, however, challenge the jurisdiction of the court to enter the decree dissolving the marriage of the parties. The trial court restricted the testimony of appellant and her witnesses to facts concerning her physical and mental health subsequent to the entry of the decree.

In October 1960, appellant married her present husband. At the time of the hearing she and her husband were both employed, and were living in a trailer house, insufficient in size to accommodate them and the children. She did, however, advise the court that she and her husband contemplated a change to housing with sufficient room for all, should she succeed in her application for modification. She also stated that her present husband was agreeable to having the children with them. Her husband is engaged in construction work which requires periodic moves, but that such moves would not be made so as to disrupt the children's schooling. The

record also discloses that in February, 1961, respondent also remarried, and that his present wife brought three of her own children into their household. Judy, the oldest daughter of the parties who testified on behalf of her mother, acknowledged that respondent's present wife maintained a good, clean, wholesome home, with well prepared meals, and that the children were all in good health, and all regularly attend church services. Judy also testified that the children of the two families, living in her father's home were getting along well with each other, except for Nancy, who expressed a desire to live with her mother. She also testified that Nancy had eye trouble, and that correction was afforded by appellant and the witness.

After appellant rested, the court granted respondent's motion to dismiss. The order of dismissal discloses that the court was of the opinion that appellant had failed to establish any substantial evidence as to material, substantial and permanent change in circumstances justifying a change of custody.

Appellant claims error by the trial court in restricting her testimony and that of her witnesses to facts that occurred only after entry of the decree of divorce. During the course of the hearing appellant made numerous offers of proof which the court denied. In these offers of proof appellant attempted to show facts pertaining to the

condition of her health prior to the time of the divorce, and facts concerning what she asserts to be fraudulent acts on the part of respondent in keeping the knowledge from her of the pending divorce action. In support of these claimed errors, appellant cites the case of Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, at p. 526, 9 A.L.R.2d 617, wherein it is stated at p. 346 of the Idaho Report.

"* * * But a modification' as to custody may be justified where material facts, although existing at the time of the rendition of the decree, were not presented to or considered by the court if such facts indicate that the welfare of the child will be served by the modification. 27 C.J.S., Divorce § 317, page 1189; Jackson v. Jackson, [200] Okl. [333], 193 P.2d 561. This rule is especially applicable where the decree was obtained by default (only one side of the issue being presented to the court in such cases) and where the defendant was induced to suffer the default by fraud on the part of the plaintiff."

In the Hendricks case, the husband and wife had, as between themselves, agreed as to the custody of the minor children. Contrary to the understanding of the parties, this agreement was not brought to the attention of the court at the time of the hearing of the wife's default divorce ac-

tion. The court awarded her custody of the minor children of the parties. Within a month after entry of the decree the father found out about this breach of the agreement and took one of the children from the mother. A few months later the mother took the child away from the father's home, and the father shortly afterwards instituted proceedings for modification. The trial court considered evidence not presented in the divorce action and awarded custody to the father.

In the instant action the trial court would have erred in his exclusion of the testimony as to facts that occurred prior to the entry of the divorce decree if those facts had touched upon the issue of the welfare and the best interests of the minor children of the parties, and such facts had not been previously presented and considered by the court. In the Hendricks case, the testimony admitted by the trial court went to the ultimate question of what was in the best interests of the children. In Stewart v. Stewart, 86 Idaho 108, 383 P.2d 617, this court in discussing applicable rules in the premises, to which we continue to adhere, stated:

"Judgments affecting the custody, support and education of children, like other judgments, are conclusive upon the parties and privies, and the doctrine of res judicata is applicable thereto. 27B C.J.S. Divorce § 317(8) b;

17A Am.Jur., Divorce & Separation, § 838; Annotation 9 A.L.R.2d 623, et seq.

"However, the foregoing general rule is not to be applied strictly in all determinations affecting the welfare of children of divorced parents. The jurisdictions of the court continues after divorce for the protection of the welfare of such children. I.C. § 32–705. *Where facts, affecting their welfare,* existing at the time of the divorce or order awarding custody, are not called to the attention of the court, and particularly in default cases where the issues affecting custody have not been fully tried, the court *upon a proper application may consider* all facts and circumstances, including those existing prior to and at the time of the judgment or decree, in making a subsequent determination of custody. (Citations)." (Emphasis supplied.)

■ The statements contained in appellant's affidavit and in her various offers of proof did not present facts material to the actual welfare of the children. It was not asserted that respondent was not a fit and proper person to be awarded their custody in the first instance; nor that the children were not being well cared for. The facts offered disclose that at the time of the divorce, appellant had left the City of Boise by reason of her own ill health.

Nothing is disclosed from the affidavit nor the offers of proof that a change in the custody of the children would be for their best interests and welfare, when weighed against the disturbance and upheaval in their lives that a change in custody would create.

In Rogich v. Rogich, 78 Idaho 156, 161, 299 P.2d 91, 94, this court stated:

"A divorce decree granting custody of a minor child to one of the parties may not be modified unless there has been a material, permanent and substantial change in conditions and circumstances subsequent to entry of the original decree which would indicate to the court's satisfaction that modification would be for the best interests of the child. (Citations.) The burden of showing such changed condition rests upon the party seeking the modification. (Citations.)"

■ In any proceeding involving the custody of minor children of divorced parents, the primary concern of a court is the welfare of the children. Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323; Jeppson v. Jeppson, 75 Idaho 219, 270 P.2d 437; Empey v. Empey, 78 Idaho 25, 296 P.2d 1028; Angleton v. Angleton, 84 Idaho 184, 370 P.2d 788.

Inasmuch as the proffered testimony did not touch upon the ultimate issue of the

case,—the welfare of the children—the trial court did not abuse its discretion in refusing to accept into evidence this testimony, and no error appears in this regard.

Appellant assigns as error the exclusion by the trial court as hearsay evidence certain testimony of her daughter Judy. Examination of the record indicates error on the part of the trial court in exclusion of this testimony for the purposes for which it was presented. However, the testimony to be elicited from this witness dealt with only a minute facet of the welfare of one of the children, Johnny, which when compared with all factors to be considered by the court, would be insufficient to alter the ultimate result. This does not constitute reversible error.

Appellant contends the lower court erred in granting respondent's motion to dismiss, stating that she did show a substantial, permanent and material change in the circumstances and conditions of the parties since the date of the original divorce decree. The trial court in its order of dismissal found that the appellant failed to meet the burden of proving a substantial, permanent and material change of circumstances. See: Kalousek v. Kalousek, 77 Idaho 433, 293 P.2d 953; Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91; Application of Anderson, 79 Idaho 68, 310 P.2d 783; Larkin v. Larkin, 85 Idaho 610, 382 P.2d 784.

Appellant would have this court apply to this motion to dismiss, made under IRCP 41(b), the test that the motion to dismiss should be granted only "upon the grounds that by the facts and the law plaintiff has not shown his right to relief, and when plaintiff has made a prima facie case, said motion to dismiss should not be granted." Such a rule is applicable in jury cases. Smith v. Big Lost River Irrigation District, 83 Idaho 374, 364 P.2d 146; Shaffer v. Adams, 85 Idaho 258, 378 P.2d 816. In non-jury cases, however, this stringent test is not applicable, for if the court, which is the trier of the facts in such cases, determines that the plaintiff has failed in his burden of proof and grants a motion to dismiss, it is a determination of the cause on its merits; 2B Barron and Holtzoff, Federal Practice and Procedure, § 919, p. 151. 5 Moore's Federal Practice, (2d ed.) § 41.14 [4] note 16. The applicable portion of IRCP 41(b) reads:

"* * * After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the *facts and the law* the plaintiff has shown no right to relief. * * *" (Emphasis supplied.)

**126**

IRCP 41(b) is identical with the original Federal Rule of Civil Procedure 41(b), which was amended in 1946. Such amendment is a restatement of the enunciations of the Circuit Courts of Appeal in the Sixth, Seventh and Ninth Circuits. See: Gary Theatre Co. v. Columbia Pictures Corp. (C.C.A. 7th, 1941), 120 F.2d 891; Bach v. Friden Calculating Machine Co., Inc., (C.C.A. 6th, 1945) 148 F.2d 407; Barr v. Equitable Life Assurance Society (C.C.A. 9th, 1945), 149 F.2d 634. In a court case, upon a motion to dismiss, presented after the plaintiff has completed presentation of his evidence, the trial court which is the trier of the facts, may determine the cause on its merits, c. f. Bogovich v. Capitol Silver-Lead Mining Co., 71 Idaho 1, 3, 224 P.2d 1078. No question was presented on this appeal concerning the failure of the trial court to enter findings of fact and conclusions of law.

■ The order of the trial court is affirmed. Costs to respondent; however, no costs to be allowed for respondent's brief by reason of failure to comply with the following portion of Par. 2, Amended Rule 41, Appellate Rules of the Supreme Court: "Cases from this Court must be cited by reference to the Idaho Reports, if therein contained." Par. 4, Amended Rule 41.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.