437 P.2d 29

Ronald Lee BRYANT, Plaintiff-Respondent,

v.

Suzanne L. BRYANT (Allen), Defendant-Appellant.

No. 9974.

Supreme Court of Idaho.

Feb. 8, 1968.

Harry Turner, Twin Falls, for appellant.

Parsons & Smith, Burley, for appellee.

TAYLOR, Justice.

Temporary custody of the minor child, Stephanie, born May 28, 1963, was awarded to the plaintiff (respondent) by the terms of a divorce decree dated April 26, 1965. December 15, 1965, a hearing was had on the issue of permanent custody. Evidence presented at the hearing indicated that defendant (appellant) drank heavily, spent her evenings on late dates and continued to associate with her mother, whom the court considered a bad influence. It was further shown that plaintiff was attending college, returning home each evening. During the daytime care of the child was entrusted to the paternal grandmother. Following the hearing, the court amended the divorce decree by a child custody order dated March 2, 1966, awarding permanent custody to the plaintiff, father, subject to certain visitation and temporary custody rights awarded to the defendant.

September 26, 1966, defendant petitioned the court for a modification of the decree and child custody order. She alleged material change in conditions and circumstances. A hearing was held on this petition October 31, 1966, and on November 3, 1966, the court entered its order denying defendant's petition, leaving the prior custody order in full force and effect. From the order of November 3, 1966, defendant brought this appeal.

Evidence was presented by both parties at the hearing on October 31, 1966, which was not materially in conflict. From this evidence the court found that each of the parties had a suitable home for the child and each was financially able to provide suitable support and maintenance; that March 19, 1966, defendant married one Stephen Allen; that "the evidence tends to show defendant has rehabilitated herself, although the issue is not fully clarified; time alone will tell"; that on July 22, 1966, plaintiff married one Sandra Grigg, a widow with one child, a daughter born March 9, 1966; that plaintiff and his present wife with the two children lived in their own private home in Burley, where

Stephanie had her own room; that plaintiff worked at his father's meat packing plant at a salary of $80 per week, and the employer made payments on the house; that while plaintiff was at work his wife Sandra cared for the children. It is not disputed that Sandra treated Stephanie well and "like her own daughter." Stephanie had made friends with many children in the neighborhood and was attending Sunday school and dancing classes in Burley.

Defendant's evidence included the testimony of Dr. Heyrend, a psychiatrist, whose patient she had been. The doctor testified that defendant was emotionally capable of resuming her responsibilities as a mother; it was shown that she was no longer under the influence of her own mother; that she and her present husband were living in an apartment in American Falls, where Mr. Allen was employed by a bank at a salary of $6,000 per annum; that neither Mr. Allen nor defendant had any children other than Stephanie and it was their desire to rear Stephanie in their home.

■ Defendant's assignments of error on this appeal raise the one issue as to whether the trial court abused its discretion in denying defendant's petition, and leaving the custody of the child with the plaintiff under the conditions of the order of March 2, 1966. The resolution of this issue turns on the answer to the question, does the record show such a change in circumstances between the hearing of December 15, 1965, and the hearing of October 31, 1966, that it would be in the best interest of the child that her custody be transferred to her mother? The best interest of the child is the controlling consideration in custodial proceedings. Patton v. Patton, 88 Idaho 288, 399 P.2d 262 (1965); Stratton v. Stratton, 87 Idaho 118, 391 P.2d 340 (1964); Larkin v. Larkin, 85 Idaho 610, 382 P.2d 784 (1963); Emerson v. Quinn, 79 Idaho 358, 317 P.2d 344 (1957); Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91 (1956); Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243 (1951).

■ The resolution of the issue of custody is committed to the discretion of the trial court. In the absence of an abuse of that discretion, the determination made by that court will not be disturbed on appeal. I.C. § 32–705; Clements v. Clements, 91 Idaho 732, 430 P.2d 98 (1967); Dawson v. Dawson, 90 Idaho 234, 409 P.2d 434 (1965); Nielsen v. Nielsen, 87 Idaho 578, 394 P.2d 625 (1964); Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810, 32 A.L.R. 2d 996 (1952); Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243 (1951); Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, 9 A.L.R.2d 617 (1949).

■ It is generally acknowledged that, other things being equal, a child of tender years, especially a female, can best be cared for by the mother. However, it is not an abuse of discretion, per se, to award custody to the father. When circumstances indicate that the interest of the child will be best served by awarding custody to the father, such an award will be upheld. Parks v. Parks, 91 Idaho 420, 422 P.2d 618 (1967); Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, 9 A.L.R.2d 617 (1949); Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323 (1948); Olson v. Olson, 47 Idaho 374, 276 P. 34 (1929). From the evidence presented, the trial court found that:

"The pattern of a good life has been formed under the plaintiff's influence, and lately under the influence of the plaintiff's present wife who came to him as a widow and with an infant child. Parental relationship exists between the child and her stepmother. That the child had developed and prospered thus far under the influence of her father, the plaintiff, is largely due to the defendant's actions. Even so, the Court does not now condemn the defendant for past conduct. The Court looks to the best interests and welfare of the child, assuming all other things are equal. Considering the child's age and present state of development, it would not be for her best interests or welfare to break or disrupt the living pattern now established."

■ In the absence of a showing of material change in circumstances and conditions of the parties such that the best interest and welfare of the child will be promoted by a transferral in custody, a petition for a change of custody from one parent to the other will not be granted. Dawson v. Dawson, 90 Idaho 234, 409 P.2d 434 (1965); Application of Anderson, 79 Idaho 68, 310 P.2d 783 (1957); Peterson v. Peterson, 77 Idaho 89, 288 P.2d 645 (1955).

■ From the record presented, this court cannot hold that the trial court abused its discretion in denying defendant's petition for an award of the exclusive custody of the child.

Order affirmed.

No costs allowed.

McQUADE, McFADDEN and SPEAR, JJ., and YOUNG, D. J., concur.