480 P.2d 910

Lydora M. BARRETT, Plaintiff-Respondent,

v.

Roger (Mike) D. BARRETT, Defendant-Appellant.

No. 10433.

Supreme Court of Idaho.

Feb. 11, 1971.

Stephen Bistline, Sandpoint, for defendant-appellant.

Lyons & Hofmeister, Sandpoint, for plaintiff-respondent.

McQUADE, Chief Justice.

This appeal arises out of an award of custody of the minor son of appellant and respondent to the respondent, upon a decree of divorce obtained by the respondent, Lydora Barrett. The only issue on this appeal is whether the trial court judge abused his discretion in awarding custody of the child to respondent, the child's mother.

Appellant stresses the facts which he contends show that the child is mentally retarded and in need of extra attention and a stable environment, that the mother (respondent) is emotionally unstable and that the child has progressed extraordinarily well during the last few months before the award of custody, when the child was in the exclusive custody of the appellant.

The child, Matthew Barrett, was almost four years old at the time of the divorce action. He has been diagnosed by specialists as a slow learner, bordering on mental retardation. He is hyper-active, having an extremely short attention span. At the trial, a specialist in education of handicapped children testified he thought the child would need a great deal of stimuli and attention if he was to keep up in his mental development, but with such help, he could develop normally and lead a normal life. The child was just beginning to speak in short sentences and had only become "potty trained" during the last few months prior to the trial.

Testimony at the trial was to the effect that the child had progressed in his learning activities more rapidly during the recent period in which he was in the custody of his father than he had in the previous years when his parents were living together or when he had been in the sole custody of his mother. There was no testimony one way or the other to establish whether this improved learning rate was due to a changed environment, rather than a higher potential due to the child's aging. The appellant argues the improvement is due to the change in environment.

The change in environment initially came about when the appellant took the child for

a weekend, and then refused to return him. The respondent made no efforts, apparently, to effect the return of the child. Appellant worked the night shift in construction work during the period he had custody, leaving the child with neighborhood friends during his work shift and the period of the day which he slept. He testified he spent a large part of his non-working waking hours with the child. Respondent did not contend the people with whom the child was left were unfit. Appellant has expressed a deep concern and love for his son, and this feeling is not disputed by the respondent, nor rejected by the findings of the trial court. However, the trial court found that appellant's work was periodic, and that he would be required to move from place to place to remain employed. Appellant had been married once before, that marriage ending in a divorce.

Respondent had been married five times previously, the divorce obtained from appellant ending her sixth marriage. Uncontradicted testimony established that she had moved from town to town and state to state very frequently during her life from the time of her first marriage. Her travels included a stint with a circus. She has four children from previous marriages, one of whom does not live with her. It was also established at trial that respondent had decided, during the period when her marriage to appellant was breaking up, that her calling was missionary work. She had written various people inquiring about going to Mexico as a missionary (intending to take the children along), but had abandoned her plan after a doctor's examination of the child suggested that

he might need special care which would not be available in Mexico.

Appellant argues that these facts show the mother to be emotionally unstable. He argues that the child, because of his particular needs, must have a more stable environment than the mother will provide. Appellant notes that since the trial he has remarried and "settled down" in Idaho. Therefore, appellant contends, the best interest of the child is not served by awarding custody to the respondent, and to do so was an abuse of discretion by the trial judge.

This Court is not without sympathy for the plight of appellant. The rules governing the disposition of appellant's appeal, however are well settled in Idaho. As the appellant himself notes in his brief on appeal, the issue of custody of children in a divorce proceeding is committed to the discretion of the trial court unless such discretion is abused.[1] It is a general rule accepted in Idaho that, other things being equal, a child of tender years can best be cared for by the mother.[2] The evidence in this case cannot be said to have established that the child would clearly be better off with one parent as opposed to the other. In such a case, given the basic premise as to children of tender years, we cannot say the trial court abused its discretion in awarding custody to the respondent.

The judgment of the district court is affirmed.

McFADDEN, DONALDSON, SHEPARD, and SPEAR, JJ., concur.

1. I.C. § 23-705; Bryant v. Bryant, 92 Idaho 76, 78, 437 P.2d 29 (1968); Clements v. Clements, 91 Idaho 732, 735, 430 P.2d 98 (1967); Nielsen v. Nielsen, 87 Idaho 578, 582, 394 P.2d 625 (1964).

2. Bryant v. Bryant, *supra*, note 1; Brashear v. Brashear, 71 Idaho 158, 163, 228 P.2d 243 (1951).