498 P.2d 1270

**Linda Anne DYKSTRA, Plaintiff-Respondent,**

**v.**

**David Leon DYKSTRA, Defendant-Appellant.**

**No. 10975.**

Supreme Court of Idaho.

June 22, 1972.

Weeks, Davis & Yost, Nampa, for appellant.

Richard E. Weston, of Weston & Weston, Boise, for respondent.

SHEPARD, Justice.

This is an appeal from an order modifying a previously entered decree of divorce by increasing the amount of child support which had been previously ordered.

Plaintiff and defendant were married June 17, 1961. Upon defendant's default, a divorce was granted to plaintiff on November 22, 1969. No alimony was awarded plaintiff but child support in the amount of $50 per month per child was decreed for each of the three minor children of the parties. The children's ages at the time of the divorce were approximately seven, six and three years. Plaintiff petitioned for and, following hearing, an order issued modifying the child support portion of the divorce decree by increasing it to a total of $250 per month. The trial court further ordered that defendant pay the sum of $250 as and for a reasonable attorney's fee incurred by plaintiff in bringing the action for modification. We affirm the order of the trial court.

Defendant has appealed the action of the trial court and contends that there has been no change of conditions and circumstances of the parties such as to justify the modification order of the trial court. Defendant-appellant also contends that there is no evidence that the award for attorney's fees was necessary or reasonable.

Both parties agree in substance that a modification of child support payments can be made only where there is shown to be a material, permanent and substantial change of conditions and circumstances. Gortsema v. Gortsema, 92 Idaho 684, 448 P.2d 777 (1968); Daniels v. Daniels, 82 Idaho 201, 351 P.2d 236 (1960). As stated, appellant contends that the evidence of the plaintiff-respondent does not support the order of modification by the trial court.

The evidence reveals that while at the time of the divorce, plaintiff-respondent was not employed she immediately thereafter obtained employment which paid her

$350 per month take home pay. That employment she lost because of lack of training. She thereafter obtained and worked at employment from 8 A.M. to 5 P.M. which paid her $300 gross per month. She also secured employment three nights a week as a cocktail waitress from 5:30 P.M. to 1:30 A.M. which paid her $1.50 per hour plus tips. The evidence further indicates that plaintiff-respondent was unable to meet living expenses for herself and the children and thus expanded her evening work to five nights per week.

After several weeks of such a work schedule, plaintiff required medical attention. The consulting physician testified that plaintiff had incurred a non-specific viral infection. Her physician prescribed bed rest and required plaintiff to give up one of her job employments on the basis that over-work undoubtedly contributed to her disease and could be a major cause of relapses. Plaintiff-appellant at the time of hearing was working at employment returning her a gross of $350 per month. She asserted that her expenses for herself and the children totaled $528 per month. Plaintiff's only other income is the sum of $53 per month paid to her by her former husband as a result of an installment sale of a house.

On the other hand the defendant-appellant's salary at the time of the divorce was stated by the trial court to be $750 per month. His salary at the time of the modification was $825 per month. Prior to the petition for modification, defendant-appellant purchased an apartment-duplex and receives approximately $450 per month from the rentals thereon. Such additional income, however, results in no net increase since defendant-appellant is also paying $500 per month on two mortgages on the said duplex.

■ It is apparent that whether or not any material permanent and substantial change of conditions in circumstances has been shown regarding the situation and position of defendant-appellant, a material, permanent and substantial change of condi-tions and circumstances has been shown in the situation of the plaintiff-respondent. It is apparent that the sum of $528 per month is not an excessive sum for the support and maintenance of one adult and three children. Plaintiff-respondent's expenses were detailed and need no amplification herein. It is also obvious that the facts herein do not come within the purview of Phillips v. Phillips, 93 Idaho 384, 462 P.2d 49 (1969) (albeit only alimony was involved therein) since plaintiff-respondent has been and is obviously attempting to contribute to the support of her three children as well as supporting herself. Her attempted double employment not only had a deleterious effect upon her health but left her no time for any family life with her children. Plaintiff-respondent introduced evidence showing a change of circumstances on her part such as to justify modification of the previous child support payment contained in the original divorce decree. We emphasize that the need of the plaintiff-respondent and her children has been shown by the evidence and that she has also shown her correlative inability to meet those expenses at her current level of income.

■ Plaintiff-respondent contends that defendant-appellant's income has increased substantially. We note that this contention is supported only by an indication of his gross income and not of his net spendable income. Defendant-appellant contends that his actual expenses also exceed his net income. Plaintiff-respondent suggests that defendant-appellant's expenses are inflated since he has not remarried and has no extraordinary expenses other than child support. However that may be, the trial judge found that the defendant-appellant is well able to pay an increased amount of child support. We will not interfere with the exercise of the trial court's discretion in that regard. Gapsch v. Gapsch, 76 Idaho 44, 277 P.2d 278 (1955).

The situation herein is at best difficult and at worst impossible. While the exercise of discretion by a trial judge faced

with such a situation does not perhaps demand the wisdom of Solomon, it would seem to demand the ability of a financial genius to be able to make money grow where in fact none exists. The evidence of the mother of the children supports the finding of the trial judge that she cannot raise and maintain her children on her present level of income. The evidence of the father purports to show that he cannot live in his present life style and support his children at the level set by the court in its modification order. Obviously there is no answer to the problem other than that which the trial court reached: to allocate such money as does exist in a greater proportion to the mother since she has the financial responsibility for the care and maintenance of the children.

Defendant-appellant also asserts that the trial court committed error in awarding plaintiff-respondent $250 as and for attorneys' fees in the prosecution of the modification action. As pointed out by appellant, no express statutory authority exists therefor; however, there are manifold cases which have and do grant that authority to the trial court in circumstances such as exist in the case at bar. Adams v. Adams, 93 Idaho 113, 456 P.2d 757 (1969); Embree v. Embree, 85 Idaho 443, 380 P.2d 216 (1963). The evidence indicates that plaintiff-respondent was and is unable to pay her attorney's fees for the prosecution of the modification action. Appellant asserts in effect that, since the relationship of husband and wife does not exist between the parties, each person should be left to his own resources to pay his own attorney's fees in such an action. However true that might be in a petition for modification of an alimony award, we hold herein that since the care, maintenance and welfare of the minor children is only the issue herein and since their welfare is of paramount importance, Riener v. Riener, 93 Idaho 900, 477 P.2d 841 (1970);

Tomlinson v. Tomlinson, 93 Idaho 42, 454 P.2d 756 (1969), the trial court did not err in awarding plaintiff-respondent her attorney's fees. *See* also: 15 A.L.R.2d 1270. Defendant-appellant further asserts that the trial court erred in awarding attorneys' fees, since no evidence appears in the record substantiating the trial court's conclusion that such an award for attorneys' fees was "reasonable and necessary." For too many years this court has required the introduction of *evidence* to sustain a finding and conclusion of the trial court that attorneys' fees are "reasonable and necessary" in amount. *See,* e. g.: Muckle v. Hill, 32 Idaho 661, 187 P. 943 (1920). That theory does have validity in complex and difficult cases wherein large sums are sought for attorneys' fees for services performed outside the presence of the court. However, it has little relevancy in a case such as presented herein where the amount awarded is fairly supported by services rendered in the presence of the trial court or reflected by the files of the court. In the ordinary case of this type the parties ordinarily stipulate that the trial court may set such fee as it finds reasonable and necessary. Such was not the case herein. However, the trial court had before it a relatively simple situation reflecting the work of the attorneys, including the time and work spent at the modification hearing. We hold that in a case as presented herein, the trial court may take judicial notice of what constitutes a reasonable and necessary attorney's fee as supported by the minimum fee schedule of the Idaho Bar Association. Bosko v. Pitts & Still, Inc., 75 Wash.2d 856, 454 P.2d 229 (1969); Lamoreaux v. Lamoreaux, 225 Or. 35, 357 P.2d 273 (1960); Whittle v. Whittle, 272 Ala. 32, 128 So.2d 92 (1961).

The order of the trial court is *affirmed.* Costs to respondent.

McQUADE, C. J., and McFADDEN, DONALDSON, and BAKES, JJ., concur.