576 P.2d 201

**Betty E. COPE, Plaintiff-Respondent,**

v.

**Gerald Vern COPE, Defendant-Appellant.**

**No. 12353.**

Supreme Court of Idaho.

March 21, 1978.

J. Charles Blanton and Loren C. Ipsen of Moffatt, Thomas, Barrett & Blanton, Boise, for defendant-appellant.

Roger L. Williams of Schiller, Williams & Trabert, Nampa, for plaintiff-respondent.

DONALDSON, Justice.

The parties in this action were divorced on May 20, 1970. The plaintiff-respondent, Betty Cope, was awarded custody of the two minor children, Rick, born November 1, 1960, and Kelly, born March 30, 1963. In November of 1970, the decree was modified giving the defendant-appellant, Gerald Cope, custody of Rick. In June 1971, the decree was again modified giving Mr. Cope custody of Kelly also.

Mrs. Cope remarried in 1971 and Mr. Cope has remarried twice since the parties' divorce in 1970.

In May 1976, Mrs. Cope petitioned the court requesting that the June 1971 decree be modified to give her custody of Kelly. A hearing was held on August 20, 1976. On August 25, 1976, the district court informed the parties by way of a letter decision that the decree would be modified to give Mrs. Cope custody of Kelly. The district court indicated in its letter that the change in custody was in Kelly's best interest. The

district court also stated in its letter that Mr. Cope would be ordered to pay $100 per month child support. Mrs. Cope's attorney was directed to prepare findings of fact and conclusions of law reflecting the district court's letter decision.

Mr. Cope appeals the order and judgment of the district court contending that the district court abused its discretion by modifying the custody award and by requiring him to pay $100 per month child support.

Mr. Cope claims the district court abused its discretion by modifying the custody award because there was insufficient evidence to establish a material, substantial, and permanent change in circumstances to justify modification. Numerous authorities indicate that such a change in circumstances is a prerequisite to any custody award modification. *Adams v. Adams,* 93 Idaho 113, 456 P.2d 757 (1969); *Tomlinson v. Tomlinson,* 93 Idaho 42, 454 P.2d 756 (1969); *Bryant v. Bryant,* 92 Idaho 76, 437 P.2d 29 (1968); *Embree v. Embree,* 85 Idaho 443, 380 P.2d 216 (1963); *Fish v. Fish,* 67 Idaho 78, 170 P.2d 802 (1946).

■ Although the threshold question in a change of custody suit is whether there has been a "change in circumstances," the paramount question in any custody suit, including a change of custody suit, is how will the "best interests of the child" be served. *Poesy v. Bunney,* 98 Idaho 258, 561 P.2d 400 (1977). In *Poesy v. Bunney, supra,* this Court carefully analyzed these two rules of law and placed them in proper perspective. After acknowledging the importance of the "change in circumstances" principle, it was noted:

The tendency is to search for some greatly altered circumstance in an attempt to pinpoint the change called for by the rule. Thus, the emphasis is placed on defining some change, and making that change appear, in itself, to be material, permanent and substantial. This focus is misleading. The important portion of the standard is that which relates the change in conditions to the best interest of the child. The changed circumstance standard was designed, as a matter of policy, to prevent continuous re-litigation of custody matters. That policy goal, however, is of secondary importance when compared to the best interests of the child, which is the controlling consideration in all custody proceedings. [citations omitted] The court must look only for changes of condition or circumstance which are material, permanent and substantial, but also must thoroughly explore the ramifications, vis-a-vis the best interest of the child, of *any* change which is evident. What may appear by itself to be a small and insignificant change in circumstances may have significant effects insofar as children are concerned. *Id.* 561 P.2d at pp. 403–404.

■ The "change in circumstances" in this case was significant and was sufficient to warrant a modification of the custody award. The record discloses that the environment in both Mr. Cope's and Mrs. Cope's homes had changed since the 1971 decree. In addition, Kelly had also changed. Kelly had grown older and at the time the modification petition was filed she was thirteen years old and experiencing the physical and emotional changes a young woman undergoes while attaining maturity. As a consequence, Kelly's needs and desires had also changed. Kelly testified at trial that she wanted to live with her mother. The district court could not ignore these desires. As this Court noted in *Poesy* :

The desire of the child becomes particularly important as the child grows older and more intelligent. With age comes an increased capacity on the part of the child to evaluate his own circumstance and determine what living situation is optimal. Also, with age comes a decreased ability to impose a custody order on a child which is contrary to the desires of the child. *Id.* 561 P.2d at 404.

■ The district court concluded that Kelly's best interests would be served by granting Mrs. Cope custody. There was sufficient evidence to support his finding. The question of child custody is vested in the sound discretion of the district court and this Court will not substitute its judg-

ment for that of the district court in the absence of a clear abuse of discretion. *Strain v. Strain,* 95 Idaho 904, 523 P.2d 36 (1975). Consequently, that portion of the district court's order and judgment modifying the divorce decree awarding Mrs. Cope custody of Kelly is affirmed.

■ Mr. Cope also contends that the district court abused its discretion by requiring him to pay $100 per month child support. "[T]he necessities of the children and the financial ability of the payor to provide are primary considerations" in setting amounts for child support. *Nielsen v. Nielsen,* 87 Idaho 578, 583, 394 P.2d 625, 627 (1964). The district court made no findings regarding these two considerations.

■ Mrs. Cope's complaint and petition for modification stated that she was "financially able to care for Kelly." At the hearing when asked by her attorney if the award of Kelly to her would present "any financial hardship or difficulty for [her] and her [new] husband," Mrs. Cope said "No." The record discloses that while Mr. Cope had custody of both children, Mrs. Cope paid no child support. Also, Mr. Cope will still have custody and the full financial obligation of supporting the parties' other child, Rick.

Considering the above facts and the district court's lack of findings pertaining to the child's needs and payor's ability, we hold that the district court abused its discretion by ordering Mr. Cope to pay child support. Thus, the decision of the district court requiring Mr. Cope to pay $100 per month child support is reversed.

Affirmed in part and reversed in part. No costs allowed.

SHEPARD, C. J., and McFADDEN and BAKES, JJ., concur.

BISTLINE, Justice, concurring and dissenting.

The modification of the decree to place Kelly with her mother is sustainable under the statements of the Court in *Poesy v. Bunney,* 98 Idaho 258, 561 P.2d 400 (1977). This change, if properly handled by both parents, should enure to Kelly's benefit.

No matter what position the mother of Kelly might take as to child support, I consider the trial court was correct in directing Kelly's father to contribute toward her support. Such a proposition is the statutory law of this State, and above that, it is a fundamental obligation of parenthood. Nothing prevents Mr. Cope from seeking support from Mrs. Cope for support of the other child, Rick.

As to the amount of child support which the trial court allowed, I submit that one hundred dollars for a father to *contribute* toward the support of his daughter is ordinarily a nominal amount. I submit also that the district judges, who have been recognized by this Court as capable and competent, by reason of their wisdom and experience, to set attorneys fees in certain situations without the necessity of evidence, *Dykstra v. Dykstra,* 94 Idaho 797, 800, 498 P.2d 1270 (1972), and *Flynn v. Allison,* 97 Idaho 618, 549 P.2d 1065 (1976), are equally or better able to enter *nominal* support orders without the requirement of evidence pro and con. That is not to say that such is also the case when something more than an order for a nominal amount of support is to be entered. And certainly a parent who claims an inability to pay a nominal amount should be given an opportunity to show his financial situation.

I suggest, too, my understanding that the Court's reversal of the order for child support does not preclude Kelly's mother from now making the showing the Court finds fatally absent.