# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41898

MONICA EVA GARNER, n/k/a MONICA
EVA GROSS,

    Plaintiff-Appellant,

v.

CHRISTOPHER COLIN GARNER,

    Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)

Boise, April 2015 Term

2015 Opinion No. 72

Filed: July 22, 2015

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Third Judicial District of the State of Idaho, Payette County.  Hon. Gregory F. Frates, Magistrate Judge. Hon. D. Duff McKee, District Judge.

The decision of the district court is <u>reversed</u> and the case is <u>remanded</u> for further proceedings.

Eismann Law Offices, Nampa, for appellant. Ryan L. Martinat argued.

Anne-Marie Kelso, Fruitland, argued for respondent.

_____

BURDICK, Chief Justice

## I.  NATURE OF THE CASE

This case is an appeal from the district court's appellate review affirming the magistrate's denial of Appellant's motion to modify child support. We reverse and remand.

## II.  BACKGROUND

Monica Garner, Appellant, and Christopher Garner, Respondent, parents of two minor children, sought a divorce in 2010. They were both represented by counsel in that action and entered into a stipulation addressing the terms of their divorce, including child custody and child support. Under the terms of that stipulation, Appellant was awarded primary physical custody of the children, and Respondent agreed to pay a total of $50 a month in child support. The magistrate court did not hold a hearing regarding the stipulation. On October 26, 2010, the

1

magistrate entered a judgment granting Appellant and Respondent a divorce under the terms of the stipulation. Neither party objected, moved for clarification or reconsideration, or appealed the judgment.

In 2012, Appellant filed a motion to modify the judgment, seeking an increase in the monthly child support payment to $608.71, to conform with the Idaho Child Support Guidelines. Respondent moved to dismiss the motion on the grounds that there had not been a substantial and material change in circumstances warranting a modification. The magistrate court heard oral argument on Respondent's motion to dismiss, noting that both parties were currently represented by counsel and had been represented by counsel when the parties divorced. The magistrate court explained, "I have written stipulations and agreements and it's clear from this record that Mr. Garner apparently at some point in this negotiation agreed on the custody arrangement that was made and Mrs. Garner agreed to lesser support—accepting lesser support." Ruling that there was no material change in circumstances, the magistrate dismissed Appellant's motion and awarded Respondent attorney's fees.

Appellant appealed to the district court, which affirmed the magistrate court's decision in all respects. The district court also awarded Respondent attorney's fees and costs for the appeal. Appellant timely filed a notice of appeal from the district court's ruling.

### III. STANDARD OF REVIEW

When a district court renders a decision sitting in its capacity as an appellate court, this Court reviews the decision under the following standard:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008) (quoting *Nicholls v. Blaser,* 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981)). We do not review the magistrate court's decisions; we are "procedurally bound to affirm or reverse the decisions of the district court." *Id.* (quoting *State v. Korn,* 148 Idaho 413, 415 n. 1, 224 P.3d 480, 482 n. 1 (2009)). The Court "exercise[s] free review over the issues of law decided by the district court to determine whether it correctly stated and applied the applicable law." *Peterson v. Peterson*, 156 Idaho 85, 88, 320

P.3d 1244, 1247 (2014) (quoting *State Dep't of Health & Welfare v. Slane*, 155 Idaho 274, 277, 311 P.3d 286, 289 (2013)). "The decision whether to modify an order of child support because of a substantial and material change of circumstances is within the sound discretion of the trial court …." *Noble v. Fisher*, 126 Idaho 885, 888, 894 P.2d 118, 121 (1995). This Court will find an abuse of discretion if the magistrate's discretion was "exercised without consideration being given to relevant factual circumstances." *Rohr v. Rohr*, 128 Idaho 137, 141, 911 P.2d 133, 137 (1996).

## IV. ANALYSIS

The district court affirmed the magistrate's ruling that there was not a material change in circumstances so as to permit a child support modification under the Idaho Child Support Guidelines. We reverse and vacate the awards of attorney fees by both the magistrate and the district court and remand.

### A.        Modification of Child Support

Child support awards, the factors to be considered in calculating support, and the existence of child support guidelines are all authorized by statute. I.C. § 32-706. Pursuant to the legislature's directive, this Court promulgated Child Support Guidelines, which were in effect at the time of the Garners' divorce. I.R.C.P. 6(c)(6) (2010) (I.C.S.G.) The parties in this case, although represented by counsel, agreed to child support in the amount of $25 per month, per child. Appellant seeks to modify the child support to conform to the Guidelines.

Respondent argues that Appellant is barred from making a "collateral attack" on the original child support award, and the district court found that Rule 60(b) was the only method by which Appellant could have sought modification, relying on this Court's decision in *Waller v. State*, 146 Idaho 234, 192 P.3d 1058 (2008). In *Waller*, a default judgment of child support was entered against a putative father in an action brought by the state to recover assistance payments made to the mother and to set a child support amount. Years later, DNA tests revealed he was not the child's father, and he sought to recover sums paid, along with an order setting aside his child support obligation. *Id.* at 239, 192 P.3d at 1063. We held that *res judicata* barred him from relitigating the paternity issue, as it had been settled in the default judgment, and that therefore

3

only the equitable remedies of Rule 60(b) remained available to him on the paternity issue. *Id.* That case is unavailing, however, on the issue of modifying child support.[1]

Child support, because it is for the benefit of the child, is different. As we have said, the general rule that judgments are conclusive upon the parties "is not to be applied strictly in all determinations affecting the welfare of children of divorced parents. The jurisdiction of the court continues after divorce for the protection of the welfare of such children." *Stewart v. Stewart*, 86 Idaho 108, 113–14, 383 P.2d 617, 619 (1963). In fact, this Court has previously stated:

> While we recognize the multitude of authority cited by appellant illustrating the doctrines of estoppel by judgment and res judicata and the necessity for timely request for modification within the statutory period, we hold that they do not apply to a case of this nature where the specific issue drawn in question is that of child support.

*Alber v. Alber*, 93 Idaho 755, 758, 472 P.2d 321, 324 (1970) (internal citation omitted). Therefore, motions for modification of support are not limited to Rule 60(b).

Appellant argues that section 5 of the Guidelines allows a court to consider a modification in her case, and we agree. That section states: "The amount of child support provided for under these Guidelines may constitute a substantial and material change of circumstances for granting a motion for modification for child support obligations." I.C.S.G. § 5. The district court, upon analyzing this section, concluded that "the only consistent way to read this provision is that the adoption of the rule could be a 'change in circumstance' … [or] if the guidelines as a whole are amended … the event of such amendment might constitute a change supporting modification." This interpretation of the rule was in error.

The district court's conclusion that the rule only applies to the adoption of the Guidelines, or their amendment, cannot be correct because the rule read quite differently at the time the Guidelines were adopted in 1989. The current wording of Section 5, relied on by the district court, was not adopted until 1992. As originally written, Section 5 provided: "These Guidelines alone, absent a substantial and material change of circumstances, are not intended as grounds in and of themselves for granting a motion for modification for child support obligations entered before April 1, 1989." See April 3, 1992, Minutes of Idaho Child Support Guidelines Committee,

---

[1] The dissent cites to *Miller v. Miller*, 96 Idaho 10, 523 P.2d 827 (1974), another case involving the question of paternity, in support of the theory that the Section 5 amendment to the Guidelines does not permit a motion to modify the original judgment when it substantially deviates from the Guidelines support amount; *Miller* predates the adoption of the Section 5 amendment to the Guidelines and the Guidelines themselves.

at 4. Clearly, then, the adoption of the rules themselves was not intended to allow for modification, and the district court's interpretation to the opposite effect is simply not supported by the historical wording. Three years after adoption of the Guidelines, effective July 1, 1992, the wording of Section 5 was changed dramatically, and it now provides that the Guidelines in fact "may constitute a substantial and material change." In effect, the rule now permits what it once prohibited. The Committee notes make this clear:

> The committee discussed at length the problems which can arise if *all child support awards* were potentially open for re-evaluation under the guidelines. Many of the members discussed problems which have been pointed out by attorneys and judges in their areas. However, the committee finally voted by a[n] 11–1 vote … to approve the amendment to section 5 ….

*Id*. (emphasis added). The use of "all" indicates that the committee's intent in rewording the rule was to allow any support award to be re-evaluated for conformance with the Guidelines. Further, the notes indicate the committee was aware of the possible systemic difficulties if all support awards could potentially be re-evaluated and, despite this awareness, still approved the change.

This Court has already recognized that the application of the Guidelines can now be used to determine that a substantial change has occurred:

> The child support guidelines in effect at the time the trial court entered its order to modify[] precluded the application of the guidelines in determining whether or not a material, permanent and substantial change of circumstances had occurred. *However*, the child support guidelines amended on May 1, 1992 and effective July 1, 1992, provide: "**Section 5. Modifications.** The amount of child support provided for under these Guidelines may constitute a substantial and material change of circumstances for granting a motion for modification for child support obligations."

*Levin v. Levin*, 122 Idaho 583, n. 2, 836 P.2d 529, n. 2 (1992) (emphasis added). The purpose of section 5 is to allow modification if, after applying all the relevant factors and the income table in the current Guidelines, the amount of child support called for represents a substantial and material change from the support presently being paid. "The amount … *may constitute* a substantial and material change …." I.C.S.G. § 5 (emphasis added). This conclusion is supported by the strong public policy favoring fair and adequate child support awards that are in the best interests of the children.

That policy has been well enunciated by the legislature and in the precedent of the Idaho appellate courts. The legislature's enacted purpose for the child support guidelines is "to create a

uniform procedure for reaching fair and adequate child support awards." I.C. § 32-706(5). As we have already said, "although the threshold question is whether a permanent and substantial change in the circumstances has occurred, the paramount concern is the best interest of the child." *Levin*, 122 Idaho at 586, 836 P.2d at 532 (citing *Cope v. Cope,* 98 Idaho 920, 576 P.2d 201 (1978)). It has long been the policy in Idaho that parents cannot waive a child's right to support. "Child support is for the benefit of the children. Although a mother may benefit indirectly from child support payments, she is not the real person in interest who can waive the rights of the child." *Alber*, 93 Idaho at 758, 472 P.2d at 324. In Idaho, "[in] any proceeding where child support is under consideration, child support shall be given priority over the needs of the parents .…" I.C.S.G. § 4(b). The requirement that deviations from the Guidelines amount must be supported by specific findings is there to protect the child entitled to the support.

> Awards of child support and attorney fees are committed to the trial court's sound discretion. However, they are not insignificant—or worthy only of summary treatment—merely because they are discretionary. When a judge rules on child support, he dedicates a certain level of future resources to the care and development of children. His ruling profoundly affects the standards of living enjoyed by the children and by both of their parents.

*Bailey v. Bailey*, 107 Idaho 324, 329, 689 P.2d 216, 221 (Ct. App. 1984) (internal citation omitted).

The reason for the child support statute, and the Guidelines it authorizes, is to make sure judges are making decisions in the children's best interests. Those Guidelines are not merely suggestions. Rather, the legislature has enacted a mandatory, rebuttable presumption that the amount of child support in the Guidelines is the correct amount of support. That statute plainly provides:

> There shall be a rebuttable presumption that the amount of the award which would result from the application of the guidelines is the amount of child support to be awarded, unless evidence is presented in a particular case which indicates that an application of the guidelines would be unjust or inappropriate. If the court determines that circumstances exist to permit a departure from the guidelines, the judge making the determination shall make a written or specific finding on the record that the application of the guidelines would be unjust or inappropriate in the particular case before the court.

I.C. § 32-706(5). These requirements are set forth in the Guidelines as well. The amount of support indicated in the Guidelines "is the amount of child support to be awarded unless

evidence establishes that amount to be inappropriate. In such case the court shall set forth on the record the dollar amount of support that the Guidelines would require and set forth the circumstances justifying departure from the Guidelines .…" I.C.S.G. § 3. The statute also states clearly that there "shall be a rebuttable presumption that a minimum amount of support is at least $50.00 per month per child," I.C. § 32-706(5), and the Guidelines explain, "[r]arely should the child support obligation be set at zero." I.C.S.G. § 4(d).

The rules are quite clear that in all cases, the child support awarded must be the amount stated in the Guidelines unless some evidence justifies a deviation. It is the judge's duty to explain the reason for any deviation. There is no exception in the rules or the statute for agreements between the parties; the Guidelines apply "in all judicial proceedings that address the issue of child support .…" *Id.* at § 2.

There may be a concern about the legislature telling judges how to frame their decisions—an issue not raised here. But even our court rules say there shall be findings of fact and conclusions in the trial court: "In all actions tried upon the facts without a jury … the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment .…" I.R.C.P. 52(a). The purpose of this rule is to give the appellate court a "clear understanding of the trial court's decision so that it may determine whether the trial court applied the proper law in reaching its ultimate judgment." *Jenkins v. Jenkins*, 138 Idaho 424, 427, 64 P.3d 953, 956 (2003). In fact, specifically regarding child support, our Court of Appeals has explained,

> When a trial judge gives no explanation for a discretionary decision, the parties and an appellate court are left to speculate about the decisional process .…
> [A]djudicative discretion—discretion which determines or directly affects the outcome of litigations—demands a reasoned explanation. Child support and attorney fee awards fall into this latter category. They represent important components in the outcome of divorce litigation. Moreover, the obligation to state reasons is heightened where, as here, the discretionary acts have been deemed important enough to warrant legislative guidelines.

*Bailey*, 107 Idaho at 329, 689 P.2d at 221.

The fact that the parties were represented by counsel when they entered into the agreement does not change the fact that the judgment originally entered in this case called for a significant, unsubstantiated deviation from the Guidelines. Both the statute and the Guidelines call for findings of fact and conclusions of law for a substantial deviation from the Guidelines.

7

Nothing in our precedent suggests that representation by counsel changes that. The better practice is for the attorneys, when representing parties to an agreement that deviates significantly from the Guidelines, to provide an affidavit of findings and conclusions accompanying the agreement.[2] The judge can then make an informed decision and help protect the parties from a multiplicity of lawsuits to change child support.

As Respondent points out, the amount of support called for in the Guidelines is not always what is awarded, once all the appropriate factors, as outlined in both the governing statute and the Guidelines themselves, are properly considered. The Guidelines do allow for adjustments to the basic support figure; however, this is a complex analysis of child care and transportation costs, clothing and educational allowances, and extended visits, all of which may apply to rebut the presumptions. But it is for a judge to consider this information and to make the required findings before abdicating to the parties' stipulation.[3] There must be some action by counsel or the court to examine the relevant facts and show reasons for the award of such a small amount of support. The primary concern for everyone involved, including the attorneys and the court, must be the child's best interests.

In this case, we are not talking about a minor deviation from the support guidelines. This was a virtual forfeiture of child support. There is no explanation for this deviation except in hindsight during this litigation rather than the proper findings and conclusions called for in statute and rule. Neither the original judgment nor the district court's ruling on the motion to modify support protects the welfare of the children. No facts were ever elicited in this case to rebut the statutory or Guidelines presumption. The required procedure was not followed, and no reasons were given as to why the Guidelines were not followed. There seemed to be no inquiry here as to why such a drastic deviation from the Guidelines was justified.

The district court found that the magistrate had not abused his discretion in dismissing Appellant's motion to modify support to conform to the Guidelines. To determine whether there

---

[2] As a personal aside, I questioned Appellant's counsel closely at oral argument of this case as to an attorney's responsibility under the Idaho Rules of Professional Conduct, specifically Rule 1.1 comment (5) and Rule 3.3(d). Again, I reiterate a substantial deviation should be accompanied with an affidavit showing the court the relevant facts and applicable law to support the deviation, *especially* in default proceedings.

[3] Canon 3 of the Idaho Code of Judicial Conduct says: "A judge shall perform the duties of judicial office impartially and diligently….The judge's judicial duties include all the duties of the judge's office prescribed by law." In these cases, Idaho statutes and Idaho Child Support Guidelines rules make it very plain our courts must be vigilant and protective of children's rights. This is only a reminder of the solemn duty and burden a judicial career carries—no matter the agreement of the parties or lawyers, or the caseload.

has been an abuse of discretion, we review: 1) whether the trial court correctly perceived the issue as one of discretion, 2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and (3) whether the trial court reached its decision by an exercise of reason. *Chavez v. Barrus*, 146 Idaho 212, 225, 192 P.2d 1036, 1049 (2008).

Here, the district court erred in finding that the magistrate had not abused his discretion. The magistrate did not act consistently with the applicable legal standards in that the amount of child support awarded originally is a gross and substantial deviation from the Guidelines amount and, under the rules, the presumption of the Guidelines amount constitutes a material change permitting a motion for modification. It was therefore error for the district court to affirm the magistrate's ruling.

## B.      Attorney Fees

The magistrate found that Appellant's motion was brought without any legal basis and awarded Respondent attorney fees. The district court affirmed and, finding there was no legal basis for any of the issues raised by Appellant on appeal, assessed attorney fees for the appeal under Idaho Code section 12-121. Because of our ruling, we vacate the magistrate's and the district court's awards of fees under section 12-121.

## V.  CONCLUSION

We remand to the district court for further proceedings, including a remand to the magistrate for further findings with regard to the child support issue. Costs to Respondent.

Justices J.  JONES, HORTON and KIDWELL, Pro Tem, **CONCUR.**

**J. W. JONES, dissenting.**

I respectfully dissent from the Court's opinion because I believe that there is no cognizable basis for this Court to disrupt the private agreement between Monica and Christopher.

Monica offers many arguments in an attempt to invalidate the original judgment or support modification based on some illegality or inequality with the original judgment. I am not persuaded that Monica can collaterally attack the original judgment to support modification of child support.

The primary error alleged by Monica in the child support award in the original judgment is the magistrate court's failure to make findings pursuant to Idaho Code section 32-706(5). This statute provides:

9

The legislature hereby authorizes and encourages the supreme court of the state of Idaho to adopt and to periodically review for modification guidelines that utilize and implement the factors set forth in subsections (1) through (4) of this section to create a uniform procedure for reaching fair and adequate child support awards. There shall be a rebuttable presumption that the amount of the award which would result from the application of the guidelines is the amount of child support to be awarded, unless evidence is presented in a particular case which indicates that an application of the guidelines would be unjust or inappropriate. If the court determines that circumstances exist to permit a departure from the guidelines, the judge making the determination shall make a written or specific finding on the record that the application of the guidelines would be unjust or inappropriate in the particular case before the court. When adopting guidelines, the supreme court shall provide that in a proceeding to modify an existing award, children of the party requesting the modification who are born or adopted after the entry of the existing order shall not be considered.

I.C. § 32-706(5). Relevant here, the statute creates a rebuttable presumption that the amount of child support awarded by the court should be the amount recommended by the Guidelines, unless the application of the Guidelines would be unjust or inappropriate based upon the particular facts of the case. In those circumstances that permit a departure from the Guidelines, the court must make a finding on the record that the application of the Guidelines would be unjust or inappropriate. In this case, the magistrate court did not make any findings on the record regarding the circumstances permitting a departure from the Guidelines.

The absence of findings by the magistrate court draws attention to an unfortunate consequence of stipulated judgments in divorce cases. In many divorce actions, including the case at bar, the terms of child support, child custody, and property division are settled by the parties before any trial or hearing on the matter. The parties, represented by counsel, present a stipulated judgment and parenting plan to the magistrate court. With the assumption that the attorneys adequately advised and represented their clients, the magistrate court will simply sign the stipulated judgment. The magistrate court does not have an opportunity to make findings on the record when the matter is not heard and is instead presented by stipulation. It appears that this is what happened here. The magistrate court was presented with what was essentially a private contract between the parties on child custody, child support, and property division. Based on the record, neither party requested a hearing, so the magistrate court entered the judgment in accordance with the parties' agreement.

I believe that it is the better practice in situations where the parties enter into a private agreement regarding child support, child custody, and property division for the attorneys to

10

provide in the agreement the specific reasons for any deviation from the Guidelines. If the child support award is not in substantial compliance with the Guidelines, the agreement should provide the justification for the deviation. That explanation would at least, perhaps, indicate to the magistrate court reviewing the stipulated judgment as to the fact that the child support deviates from the Guidelines and the reason for such deviation.

In situations like these, where both parties are represented by legal counsel, it is obviously the duty of each attorney to effectively and vigorously represent the best interests of his or her client. Absent evidence to the contrary, it must be presumed that divorce counsel fulfilled their duty to zealously represent their client and their duty of candor to the court by negotiating, drafting, and presenting the stipulated agreement.

In a case in which one of the parties seeks to modify the stipulated agreement absent any showing of a substantial and material change in circumstances, it appears that such party is essentially changing his or her decision previously made by him or her with the advice of counsel. If a party seeking such modification believes that he or she was not adequately represented by counsel in reaching the settlement agreement or the child support provision of such agreement, then the better course is to seek relief from the attorney advising the party to enter into the agreement. The settlement agreement is essentially a private contract between the parties represented by counsel. There is no basis except as provided by statute or rule to intervene to change the parties' agreement.

For Monica to have properly challenged the original judgment, she was required to follow the Idaho Rules of Civil Procedure (I.R.C.P.) and the Idaho Appellate Rules (I.A.R.). This Court has recognized that I.R.C.P. 60(b)[4] is the "only identifiable legal basis" for a party to set

---

[4] I.R.C.P. 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than six (6) months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. Such motion does not require leave from the

aside or vacate a child support order by exercise of the court's equitable powers. *Waller v. Dep't of Health & Welfare*, 146 Idaho 234, 239, 192 P.3d 1058, 1063 (2008). For example, in *Miller v. Miller*, 96 Idaho 10, 523 P.2d 827 (1974), the Court reversed the trial court's order modifying the child custody provision of a divorce decree as an improper collateral attack. *Id.* at 13, 523 P.2d at 830. The Court reasoned that the order allowed the mother to use the motion to modify as a collateral attack of the finding in the divorce decree that the child was the issue of the marriage. *Id.* The Court held that the mother "was precluded by the pleadings and the decree of divorce from raising the issue of paternity in this action to modify the custody provision of the divorce decree." *Id.* The Court explained that "unless [the mother] can show a basis for reopening the action as provided in I.R.C.P. 60, she will be bound by the original judgment of the trial court which found that the child was the issue of the marriage." *Id.* Likewise, in *Levin v. Levin*, 122 Idaho 583, 836 P.2d 529 (1992), the Court recognized that the magistrate court partially based its decision to modify child support on its characterization of the original child support award as "overly restrictive" and "not giving adequate weight" to the Guidelines. *Id.* at 588, 836 P.2d at 534. The Court determined that these considerations by the magistrate court "amounted to a collateral attack on the earlier court's judgment which had not been appealed." *Id.* Thus, the Court vacated the order modifying child support "because the magistrate's finding of a material, permanent and substantial change in circumstances was based partially upon its erroneous collateral attack upon the prior court's [original] support order." *Id.*

In this case, Monica could have timely objected prior to the entry of the original judgment, moved for reconsideration under I.R.C.P. 11(2)(B), filed a motion pursuant to I.R.C.P. 60(b), or appealed the judgment under I.A.R. 11. She failed, however, to use any of these remedies. Instead, she now uses her appeal of the magistrate court's order denying her motion for modification to collaterally attack the original judgment on public policy and legal grounds. This appeal is not the proper mechanism to challenge the original judgment. Monica filed her motion pursuant to I.R.C.P. 60(c), which provided the procedure for modifying child support

Supreme Court, or the district court, as the case may be, as though the judgment has been affirmed or settled upon appeal to that court. This rule does not limit the power of a court to: (i) entertain an independent action to relieve a party from a judgment, order or proceeding, or (ii) to set aside, as provided by law, within one (1) year after judgment was entered, a judgment obtained against a party who was not personally served with summons and complaint either in the state of Idaho or in any other jurisdiction, and who has failed to appear in said action, or (iii) to set aside a judgment for fraud upon the court.

orders. However, a person may only employ that procedure "upon a showing of a substantial and material change of circumstances." I.C. § 32-709(1). No such showing has been made here. Monica's motion under I.R.C.P. 60(c) only allows a party to move for modification of the child support order based on a substantial and material change in circumstances. It does not allow the parties to re-litigate issues or raise new errors in the initial determination of the child support award in the original judgment. Based on Monica's failure to properly challenge the original judgment, I believe that the Court should not reverse or vacate the magistrate court's order denying modification based on some alleged error with the original judgment.

I am also not persuaded by Monica's suggested interpretation of Section 5 of the Guidelines and Idaho Code section 32-709(1).

Idaho Code section 32-709(1) provides: "The provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and *only* upon a showing of a substantial and material change of circumstances." I.C. § 32-709(1) (emphasis added). "The party petitioning for the modification bears the burden of proving that a substantial and permanent change has occurred." *Evans v. Sayler*, 151 Idaho 223, 226, 254 P.3d 1219, 1222 (2011).

> [W]hether a change in conditions is "material" or "substantial" depends upon the impact of the change upon the child. . . . [T]he best interests of the child must take precedence in any analysis regarding a material change in circumstances. Likewise, the trial court must not only look to the substantial and permanent nature of any change in conditions proved by the proponent, but also thoroughly explore the ramifications of any such change vis-a-vis the children's welfare.

*Id.* (citations omitted) (internal quotation marks omitted). "The decision whether to modify an order of child support because of a substantial and material change of circumstances is within the sound discretion of the trial court and will not be disturbed on appeal unless a manifest abuse of discretion is shown." *Id.* (quoting *Noble v. Fisher*, 126 Idaho 885, 888, 894 P.2d 118, 121 (1995)).

To avoid the application of Idaho Code section 32-709(1), Monica offers various exceptions to the statute. I am convinced, however, that the legislature intended to enact a single, exclusive standard for child support modification.

The legislature's enactment of a specific standard in Idaho Code section 32-709(1) to allow modification of child support indicates its intent to provide for only one standard. "The objective of statutory interpretation is to give effect to legislative intent." *State v. Doe*, 156 Idaho

13

243, 246, 322 P.3d 976, 979 (2014) (quoting *State v. Yzaguirre*, 144 Idaho 471, 475, 163 P.3d 1183, 1187 (2007)). Statutory interpretation begins with the plain language of the statute. *Pocatello v. State*, 145 Idaho 497, 500, 180 P.3d 1048, 1051 (2008). Here, Idaho Code section 32-709(1) provides: "The provisions of any decree respecting maintenance or support may be modified . . . *only* upon a showing of a substantial and material change of circumstances." I.C. § 32-709(1) (emphasis added). Based on this plain language, the legislature's use of the word "only" unambiguously indicates the legislature's intent to provide the single, exclusive standard for modification. The Court cannot create a public policy exception or apply an equitable remedy in light of this unambiguous statute.

Similarly, Section 5 of the Guidelines does not allow Monica to circumvent the requirement of a substantial and material change in circumstances in Idaho Code section 32-709(1). Section 5 provides:

> The amount of child support provided for under these Guidelines may constitute a substantial and material change of circumstances for granting a motion for modification for child support obligations. A support order may also be modified to provide for health insurance not provided in the support order.

Idaho Child Support Guidelines (I.C.S.G.) § 5. Monica argues that Section 5 provides for a substantial and material change in circumstances any time there is a disparity between the child support ordered by the trial court and the child support recommended by the Guidelines—even if that disparity existed at the time the trial court ordered the child support.

I decline to read Section 5 in a manner that renders Idaho Code section 32-709(1) obsolete. Idaho Code section 32-709(1) is essentially nullified by adopting Monica's proposed interpretation. Under Monica's interpretation, a party can return to court at any time to modify the amount of child support if that amount differs from the award recommended under the Guidelines. According to Monica, that disparity in and of itself is the substantial and material change in circumstances under Idaho Code section 32-709(1). This ability to modify child support without an actual change in circumstances plainly conflicts with Idaho Code section 32-709(1).

Contrary to Monica's proposed interpretation, Section 5 does not allow a party to modify an award of child support without a substantial and material change in circumstances. Here, Monica and Christopher, with the representation and advice of counsel, entered into a private agreement to resolve their child custody and child support dispute. Because the parties were

14

represented by counsel, it must be assumed that the attorneys informed their clients of the Guidelines and the amount of child support recommended under the Guidelines. As found by the magistrate court, Christopher agreed to less visitation with the children in exchange for a lower child support payment, and Monica agreed to less child support in exchange for more custodial time with the children. After this private agreement was in place, Monica objected to Christopher's motion to modify the judgment to alter the visitation schedule. She argued that there was no substantial and material change in circumstances. Now Monica wishes to modify the judgment to receive an increase in child support without altering the visitation schedule. Rather than a substantial and material change in circumstances, Monica's reason for modification is simply that she has changed her mind on the terms of the private agreement. The magistrate court did nothing to create this agreement or dictate its terms. I believe that the Court should reject Monica's proposed interpretation of Section 5 and decline to apply it to her motion for modification.

To be sure, I recognize and appreciate the policy concerns expressed in the majority opinion. But they do not apply here. There is a distinguishing factor between this case and the run of the mill divorce case. In this case, there is no evidence in the record that the children are not being adequately taken care of by their parents. There is no evidence of financial hardship. There is no evidence that the children are deprived of the necessities. If there were such evidence, that may be a substantial and material change in circumstances to permit modification. But, in the absence of such evidence, there is no statutory basis for the Court to modify the award of child support. Moreover, there is no public policy basis, as submitted by this Court in the majority opinion, to void the original judgment because the evidence indicates that the children in this case are financially supported by their parents, despite the fact that Christopher pays only fifty dollars a month in child support. The parents entered into a private agreement for child support, child custody, and property division. This Court is not free to modify that agreement absent evidence of a substantial and material change in circumstances—which could include financial hardship on the children, but the Court was not presented with that issue here. In this case, after the parties reached an agreement that substantially benefited Monica, she simply changed her mind regarding the child support for no other reason demonstrated in the record, moving to modify the child support. I agree with the magistrate and the district judge, both of whom felt there was no justification for such modification and denied her motion.